[No. 3160.  Decided January 19, 1899.]

THE STATE OF WASHINGTON, on the Relation of Townsend Gas and Electric Light Company, v. SUPERIOR COURT OF JEFFERSON COUNTY.

MANDAMUS—WHEN LIES—REMEDY BY APPEAL.

Mandamus will not lie to compel a superior court to assume jurisdiction of a contempt proceeding, where defendants had appealed from an order of the court directing them as officers of a city to issue its warrants in payment of a judgment, and, pending such appeal, refused to comply with the order of the court, since an adequate remedy at law is afforded by the appeal, and

the issuance of the extraordinary writ of mandamus is unwarranted under such circumstances.

*Original Application for Mandamus.*

*Harry Ballinger,* for relator.

*A. W. Buddress,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is a proceeding in mandamus to compel the superior court to take jurisdiction of a contempt proceeding to enforce a judgment of that court wherein the relator was plaintiff and one D. H. Hill, as mayor, and one August Dudenhauser, as clerk, respectively, of the city of Port Townsend, were defendants. The court below in that proceeding directed that a writ of mandate issue to compel the defendants to issue and deliver to plaintiff current expense fund warrants of said city to pay a judgment against said city theretofore rendered and a claim allowed by the city council of said city, it not being specified in the judgment what fund the claim should be paid from. A peremptory writ having issued, and defendants having refused to obey it, relator, as plaintiff, commenced a proceeding against them for contempt in the above-entitled court. The court refused to entertain such proceedings on the ground that the defendant had appealed, and the court had no jurisdiction to enforce the judgment. The defendants served and filed a notice of appeal, but gave no bond or security on appeal, and no bond to stay proceedings. Two questions are discussed by the relator, namely: (1) Is an appeal bond necessary to effectuate such appeal? And (2) does such appeal stay proceedings without a bond therefor, supposing the appeal had been perfected by the notice?

In the oral discussion of the case it was urged by the defendants, in addition to the discussion of the questions

above mentioned, that the writ of mandate should not issue in this case, for the reason that there was an adequate remedy by appeal. In reply to this proposition it is insisted by the relator that this question has been settled adversely to the defendants' contention by many decisions of this court, and that the extraordinary remedies, both of prohibition and mandamus, have been allowed when it appeared that the court either refused to take jurisdiction of a case which it should have taken, or when the court was acting in excess of its jurisdiction. It must be confessed that there has been a lack of uniformity in the decisions of this court on this question. In the earlier cases, notably *Board of Harbor Line Commissioners v. State*, 2 Wash. 530 (27 Pac. 550), a writ of prohibition was refused because another remedy was available. Judge HOYT, who wrote the opinion of the court in that case, said:

" The extraordinary writ of prohibition should only be granted in a clear case, and when no other remedy is available; and I am of the opinion that petitioner has no cause of complaint; and, if he has, I am not satisfied that the ordinary proceedings in law or equity will not ultimately completely protect his rights."

In *State ex rel. Reed v. Jones*, 2 Wash. 662 (27 Pac. 452, 26 Am. St. Rep. 897), in an opinion written by Chief Justice ANDERS, it was held that

" The writ of prohibition would not lie to restrain courts having original jurisdiction of cases in equity from issuing injunctions in excess of their jurisdiction, when there is a complete remedy by appeal from any final judgment that might be rendered by said courts in such cases."

Since that time, however, many cases have been decided where the writ of prohibition issued where the court was proceeding to act without jurisdiction, and a writ of mandate has issued where the court refused to take jurisdic-

tion which rightfully belonged to it, without regard to whether an adequate remedy existed by appeal or otherwise. We have become satisfied, however, that this practice is not in consonance with the best authority, and is not conducive to a careful and close investigation of causes by this court. When causes are regularly appealed, they are presented to this court by briefs, which, as a rule, are carefully prepared by the attorneys in the cases, and the court has an opportunity to examine them with more deliberation than when submitted, as they are under the practice which has lately been tolerated, by typewritten briefs, which cannot be preserved in the records of the court. Hence hurried decisions are necessarily made, leading sometimes to embarrassing results. We think that the better authority, as well as the better practice, precludes the issuance of these writs when the law furnishes an adequate remedy. In the last case above referred to, viz., *State ex rel. Reed v. Jones,* this court quoted from § 770, High, Extraordinary Remedies, to the effect that prohibition, being an extraordinary remedy, is resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress; and from the case of *Ex parte Roundtree,* 51 Ala. 51, that:

" If the court is one of established jurisdiction, a plea that the subject-matter of a particular suit lies without its jurisdiction, or that the party is not amenable to its cognizance, will ordinarily afford full relief. But when the question involves the legal existence and construction of a court,—a denial of all jurisdiction, and not of the particular jurisdiction proposed to be exercised,—a prohibition, it seems to us, is the only adequate remedy."

It seems to us now that this is a clear distinction which ought to be made, and that the rule ought not to be extended beyond the case mentioned above, where there is a denial of all jurisdiction which involves the legal exist-

ence of the court exercising the jurisdiction complained of. In the case of *State ex rel. Reed v. Jones, supra,* the court, after quoting from the Alabama case as above mentioned, said:

" This, it appears to us, is a clear and explicit statement of the law, and the language is peculiarly applicable to the case at bar.    We are all of the opinion that the relators have a complete remedy by appeal from any final judgment that may be rendered by the superior court, and that there is, therefore, no necessity for resorting to the extraordinary remedy of prohibition."

Section 767 of High's Extraordinary Legal Remedies is as follows:

" It follows from the extraordinary nature of the remedy, as already considered, that the exercise of the jurisdiction is limited to cases where it is necessary to give a general superintendence and control over inferior tribunals, and it is never allowed except in cases of a usurpation or abuse of power, and not then unless other existing remedies are inadequate to afford relief."

It is true that many cases are cited where the question of jurisdiction is the only question that is discussed, and the authority above quoted discusses this question with relation only to jurisdiction; but the whole tenor of the discussion and of the cases cited shows conclusively that, after the question of jurisdiction, or want or jurisdiction, or excess of jurisdiction has been determined, there still remains the further necessity of showing that an adequate remedy did not exist, for the language of § 770 is explicit, and is as follows:

" Like all other extraordinary remedies, prohibition is granted only in cases where the usual and ordinary forms of remedy are insufficient to afford redress.    And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other

remedy exists, and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law."

And it is just as plainly stated in § 771 that the writ will not be allowed to usurp the functions or office of an appeal.   This rule is as distinct and clear and universal as the other rule that the writ cannot be employed as a process for the correction of errors of inferior tribunals. And the same rule applies where it is sought by mandamus to compel the court to act.   It is not only necessary that the court refuse to take jurisdiction where jurisdiction properly attaches to the court, but it must also be shown that no adequate remedy exists by appeal or otherwise. The same authority, in § 15, lays down the rule as follows:

" The existence or nonexistence of an adequate and specific remedy at law in the ordinary forms of legal procedure is, therefore, one of the first questions to be determined in all applications for the writ of mandamus; and whenever it is found that such remedy exists, and that it is open to the party aggrieved, the courts uniformly refuse to interfere by the exercise of their extraordinary jurisdiction."

In § 16 it is said that:

" While the rule under consideration is a common-law rule of very ancient origin, it is not confined in its application to cases where the existing remedy relied on in bar of the jurisdiction by mandamus is a common-law remedy, but applies with equal force to cases where a particular or special remedy is provided by statute.   Wherever, therefore, an express remedy is afforded by statute, plain and specific in its nature, and fully adequate to redress the grievance complained of, mandamus will not lie."

It is true that it is held that the remedy must be specific, and appropriate to the particular circumstances of the case, and that it must be such a remedy as affords relief upon the very subject-matter of the controversy, and that,

if it is not adequate to afford the party aggrieved the particular right which the law accords him, mandamus will lie, notwithstanding the existence of such other remedy. But this only goes to the question of what is an adequate remedy, and, as showing that the relief must be specifically adapted to the precise injury for which redress is sought, an instance is given, namely, that the remedy by indictment for the omission of duty constitutes no objection to mandamus, for the alleged and evident reason that the indictment is merely punitive, and not remedial, in its nature.

We feel at liberty to establish a rule at variance with some of the decisions of this court, for the reason that this is simply a law of procedure and practice, and no vested rights can have grown up under the former decisions of the court, and no hardship will follow in this case from the change of the rule, for the reason that a majority of the court is opposed to the issuance of the writ on the merits.    But, in addition, it plainly appearing that there is an adequate remedy by appeal, we take this opportunity of announcing the law of this state to be that extraordinary writs of this character will not be allowed to issue when there is an adequate remedy at law.    The writ will be denied.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.

ANDERS, J., concurs in the result.