[No. 3440. Decided November 15, 1899.]

THE STATE OF WASHINGTON *on the Relation of La Belle B. Vincent*, v. E. D. BENSON, *as Judge of the Superior Court of King County, et al.*

PROHIBITION, WRIT OF—WHEN ISSUES—REMEDY BY APPEAL.

The writ of prohibition will not issue to prevent the superior court's proceeding with the trial of an action, of whose subject matter it has jurisdiction, when the court erroneously assumes jurisdiction of the parties on irregular service of summons and of garnishment, as such error is reviewable on appeal from final judgment in the action, as one occurring in the progress of the cause leading up to the final judgment.

*Original Application for Prohibition.*

*Tucker & Hyland,* for relator.

*Shank & Smith,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—On the 19th day of April, 1899, A. D. Miller, as plaintiff, commenced an action against relator by filing a complaint in the superior court of King county,

in which he sought to recover of relator a money judgment alleged to be due by reason of a certain contract entered into between himself and the relator. At the time of filing the complaint the plaintiff caused a writ of garnishment to issue and to be served upon the Puget Sound National Bank, alleging in the affidavit for the issuance of the writ that the bank was indebted to the relator, and had personal property in its possession and under its control belonging to the relator. At the same time a summons was duly issued, and placed in the hands of the sheriff of King county for service, who returned thereon that the relator could not be found in that county. The plaintiff thereupon filed the usual affidavit for publication of summons, and caused a summons for publication to issue, which was published for the required time in a weekly newspaper published in King county. The relator, at the expiration of the time for publication, appeared specially ·in the action and moved to quash the summons for irregularities occurring in its service, and, at the same time, moved to quash the writ of garnishment for irregularities occurring in the proceedings leading up to its issuance, and for irregularities in its service; appearing specially also for the latter motion. The court overruled the motions, and the relator seeks by this application a writ of prohibition against the superior court prohibiting it from proceeding further in the action. The basis of the application is that the lower court has not acquired jurisdiction of the cause because of the invalidity of the services of the summons and the writ of garnishment.

On the hearing in this court it was suggested to counsel that this was not a proper case for the issuance of this extraordinary writ, and, upon more mature consideration, we are satisfied that the application must be denied. It is true that authority can be found in the former decisions of this court authorizing the issuance of a writ of pro-

hibition upon a state of facts similar to that presented by the record in this case, but in the late case of *State ex rel. Light Co. v. Superior Court,* 20 Wash. 502 (55 Pac. 933), we sought to point out the distinction between the cases where the writ was properly and where it was improperly issued, and attempted to get back to the correct procedure. If we may judge from the fact that applications for these writs are still being made to this court in cases falling squarely within that case, the principle sought to be announced therein cannot have been generally understood, and it may be well to restate the rule here. In that case we sought to emphasize the fact that it was a rule of the common law, as well as the rule of the statute, that the extraordinary writs of mandate and prohibition could not be resorted to where the complaining party had a plain, speedy, and adequate remedy in the ordinary course of law. After confessing that the former decisions of this court had not been entirely uniform on the question, and quoting from our earlier decision where the correct rule was announced, we said:

" Since that time, however, many cases have been decided where the writ of prohibition issued where the court was proceeding to act without jurisdiction, and a writ of mandate has issued where the court refused to take jurisdiction which rightfully belonged to it, without regard to whether an adequate remedy existed by appeal or otherwise. We have become satisfied, however, that this practice is not in consonance with the best authority, and is not conducive to a careful and close investigation of causes by this court. When causes are regularly appealed, they are presented to this court by briefs, which, as a rule, are carefully prepared by the attorneys in the cases, and the court has an opportunity to examine them with more deliberation than when submitted, as they are under the practice which has lately been tolerated, by typewritten briefs, which· cannot be preserved in the records of the court. Hence hurried decisions are necessarily made, leading sometimes to embarrassing results. We think that the

better authority, as well as the better practice, precludes the issuance of these writs when the law furnishes an adequate remedy. In the last case above referred to, viz., *State ex rel. Reed v. Jones,* this court quoted from § 770, High, Extraordinary Remedies, to the effect that prohibition, being an extraordinary remedy, is resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress; and from the case of *Ex parte Roundtree,* 51 Ala. 51, that

'If the court is one of established jurisdiction, a plea that the subject-matter of a particular suit lies without its jurisdiction, or that the party is not amenable to its cognizance, will ordinarily afford full relief. But .when the question involves the legal existence and construction of a court,—a denial of all jurisdiction, and not of the particular jurisdiction proposed to be exercised,—a prohibition, it seems to us, is the only adequate remedy.'

It seems to us now that this is a clear distinction which ought to be made, and that the rule ought not to be extended beyond the case mentioned above, where there is a denial of all jurisdiction which involves the legal existence of the court exercising the jurisdiction complained of."

In the present case it is not denied that the superior court has jurisdiction of the subject-matter of the action, and can render a valid judgment, so far as the property garnished is concerned, if the services of the summons and the writ of garnishment are sufficient. ·The objection is that the court erred in adjudging these services sufficient, when in law they are insufficient. But, conceding this to be true, it is an error occurring in the progress of the cause leading up to a final judgment, which may be reviewed on an appeal from such final judgment. *Stewart v. Lohr,* 1 Wash. 341 (25 Pac. 457, 22 Am. St. Rep. 150); *Sheppard v. Guisler,* 10 Wash. 41 (38 Pac. 759); *Rhode Island Mortgage, etc., Co. v. Spokane,* 19 Wash. 616 (53 Pac. 1104); *Woodbury v. Henningsen,* 11 Wash. 12 (39 Pac. 243).

The application is denied.

GORDON, C. J., and DUNBAR, REAVIS and ANDERS., JJ., concur.