[No. 3466.   Decided December 5, 1899.]

THE STATE OF WASHINGTON, *on the Relation of Washington Dredging and Improvement Company,* v. WILLIAM HICKMAN MOORE, *Judge of the Superior Court of King County.*

MANDAMUS—WHEN ISSUES—REMEDY BY APPEAL.

The action of the superior court in dismissing an appeal from the board of state land commissioners, although made more than ninety days after the submission of the question to the court for decision, contrary to the provisions of Bal. Code, § 4675, is reviewable on appeal, and therefore mandamus will not lie to compel the court to redocket the cause with a view to a retrial in said court.

*Original Application for Mandamus.*

*J. F. Hale,* for relator.

*McCutcheon & Gilliam* and *Alfred Battle,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 3d day of May, 1898, the respondent filed a motion in the superior court of King county dismissing the appeal of appellant in an action brought into said superior court on appeal from the board of state land commissioners, state of Washington, entitled "The Washington Dredging and Improvement Company, appellant, v. George Kinnear *et al.,* respondents." Afterwards,

to-wit, on the 14th day of May, 1898, said motion was
argued and submitted to Judge Moore, who took the same
under advisement and held the said matter until the 20th
day of August, 1898, when said motion was granted; and
afterwards, to-wit, on the 5th day of October, 1898, said
order and decree of dismissal was filed in the office of the
clerk of the superior court of King county, Washington.
More than ninety days having elapsed from the submission
of the question to its decision by the court, it is contended
that the court lost jurisdiction to determine the same.

A motion was subsequently made by the appellant to
redocket the said cause and place the same upon the trial
calendar, which order was denied by the court; and the
relator therefore prays that a writ of mandamus issue from
this court, directing and commanding the court below to
redocket the above entitled cause, and to replace the same
upon the trial calendar of said court.　Relator also affirms
that he has no plain, speedy, and adequate remedy at law.

The records of this court show that the appeal was taken,
or attempted to be taken, from the judgment of the court
dismissing the appeal above referred to, which appeal was,
on the motion of the respondents, dismissed by this court
for the reason that the law in relation to taking appeals
from the superior court to the appellate court had not been
complied with.

It is contended by the appellant that, the court having
acted without jurisdiction in rendering the judgment com-
plained of, an appeal would not lie, and that therefore his
only remedy would be by mandamus.　That the appeal
would lie, even conceding that the court acted without
jurisdiction, see *Sheppard v. Guisler,* 10 Wash. 41 (38
Pac. 757), and *Stewart v. Lohr,* 1 Wash. 341 (25 Pac.
457, 22 Am. St. Rep. 150).

The order of the court, then, being appealable, under
the decisions of this court in *State ex rel. Light Co. v.*

*Superior Court,* 20 Wash. 502 (55 Pac. 933), and *State ex rel. Vincent v. Superior Court,* filed November 15, 1899, *ante,* p. 571, the action for mandamus will not lie, whether the court was acting with or without jurisdiction. Of course, the fact that the appeal is not available to the relator now cannot be taken into consideration, as it was through his fault that the appeal to which he was originally entitled failed.    This renders unnecessary a discussion of the merits of the controversy.

The writ will be denied.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.