[No. 3298. ⁵Decided December 6, 1899.]

THE STATE OF WASHINGTON *on the Relation of Hibbard, Spencer, Bartlett & Co.* v. SUPERIOR COURT OF ISLAND COUNTY *and* RICHARD DELANTY.

PROHIBITION, WRIT OF—WHEN ISSUES—REMEDY BY APPEAL.
    Since the action of the superior court in granting a motion for a new trial is appealable, although done without jurisdiction, prohibition will not issue to restrain the court from proceeding with a re-trial.

MANDAMUS—WHEN ISSUES—REMEDY BY APPEAL.
    Mandamus will not lie to compel the superior court to confirm the sale of lands sold on execution, inasmuch as its order refusing a confirmation is appealable.

*Original Application for Prohibition and Mandamus.*

*W. F. Hays,* for relator.

*A. R. Coleman* and *Trumbull & Trumbull,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—This was an original application in this court for a writ of prohibition restraining the superior court of Island county and the judge thereof from taking any steps looking to the retrial of the cause wherein the relator here is plaintiff and one Richard Delanty defendant; and for a writ.of mandate requiring the said court and judge to enter an order confirming the sale of certain lands sold upon execution based upon a judgment in said action.   Relator contends that he is entitled to the writ of prohibition, because he asserts that in granting a motion for a new trial in the action the superior court acted without jurisdiction.   Assuming this to be true, nevertheless an appeal would lie from such an order.   *Sheppard v. Guisler,* 10 Wash. 41 (38 Pac. 759) ; *Stewart v. Lohr,* 1 Wash. 341 (25 Pac. 457, 22 Am. St. Rep. 150).   And in *State ex rel. Townsend Gas and Electric Light Co. v. Superior Court of Jefferson County,* 20 Wash. 502 (55 Pac. 933), we held that, to authorize the writ of prohibition, it was not enough that the court was acting without or in excess of its jurisdiction in a particular case, but it should also be made to appear that no appeal would lie. That case has recently been reaffirmed in *State ex rel. Vincent v. Benson, Judge,* decided November 15, 1899, *ante,* p. 571, and still more recently in *State° ex rel. Washington Dredging and Improvement Co. v. Moore, Judge,* decided December 5, 1899, *ante,* p. 629.

The application for the writ of mandate must also be denied, as an appeal lies from an order refusing to confirm a sale.   *Krutz v. Batts,* 18 Wash. 460 (51 Pac. 1054).

Denied.

DUNBAR, FULLERTON and REAVIS, JJ., concur.