[No. 4535.    Decided January 12, 1903.]

THE STATE OF WASHINGTON *on the Relation of Marie Carrau* v. SUPERIOR COURT OF KING COUNTY, *W. R. Bell, Judge.*

PROHIBITION, WRIT OF — REMEDY BY APPEAL.

There being a remedy by appeal from the judgment of the superior court in regard to the distribution of a decedent's estate, the court will not be restrained by writ of prohibition from proceeding in the matter, although it may be acting without jurisdiction.

SAME — ADEQUACY OF REMEDY.

The adequacy of the remedy by appeal is not affected by the expense thereof, nor by the delays and annoyances incident to an appeal.

*Original Application for Prohibition.*

*Jesse P. Houser* and *J. W. Robinson,* for relator.

*Preston, Carr & Gilman* and *C. H. Farrell,* for respondent.

PER CURIAM.—This is an application for a writ of prohibition to prohibit the superior court of the state of Washington for King county from proceeding to hear and determine the application of Hannah Callaghan, Edward Corcoran, and Samuel H. Piles in the distribution of the estate and surrender of the real estate of John Sullivan, deceased, to petitioners, as the persons entitled by law thereto. It is shown by the affidavit accompanying the petition for the alternative writ that a suit has been instituted in the circuit court of the United States for the district of Washington by said Hannah Callaghan *et al.* against the administrator of the estate of said John Sullivan, deceased, and Marie Carrau, who claimed to be the sole legatee and devisee of the entire estate of John Sullivan, under an alleged nuncupative will. From the decree rendered by the circuit court of the United States in that suit the said Marie Carrau had appealed to the United States circuit court of appeals, which appeal, it is claimed, is still pending, and has been superseded by a supersedeas bond executed on her behalf. It is not necessary to enter into a discussion of the merits of this case, for it is conceded that an appeal will lie from the action of the court, whatever judgment it may make in regard to the question of distribution of the estate, and the law provides for the superseding of such judgment. It was held by this court in *State ex rel. Townsend Gas, etc., Co. v. Superior Court,* 20 Wash. 502 (55 Pac. 933), that an application for the extraordinary writ of mandamus or prohibition would not be entertained by this court when it appeared that there was an adequate remedy by appeal, notwithstanding it might also appear that the court was acting without jurisdiction. That case has been followed by an unbroken line of authorities ever since, and it has also been determined that the expense of appeals and the delays and annoyances

incident to an appeal do not affect the adequacy of the appeal.

The petition for the writ will be denied.