[No. 4587.   Decided February 7, 1903.]

THE STATE OF WASHINGTON *on the Relation of John Nelson et al.,* v. SUPERIOR COURT OF KING COUNTY.

CERTIORARI — REMEDY BY APPEAL — APPROPRIATION OF LAND FOR DRAINAGE PURPOSES.

Certiorari will not lie to review errors of the trial court in assessing damages and benefits to lands by reason of the construction of a drainage system, since it is provided by Laws 1901, p. 181, § 1, that appeal in such cases "shall bring before the supreme court the propriety and justice of the amount of damage or assessment of benefits," thereby affording a review of all errors; and the adequacy of the remedy by appeal would not be affected by the fact that the lien of the judgment would attach pending the determination of the appeal.

*Original Application for Certiorari.*

*Root, Palmer & Brown, Henry B. Madison, Smith & Cole* and *John P. Hartman,* for relators.

*Ballinger, Ronald & Battle,* for respondent.

PER CURIAM.—Petition for a writ of certiorari to review errors of the trial court in assessing damages and benefits to certain lands for the construction of a drainage system under the act of March 20, 1895 (Laws 1895, p. 271). All the errors alleged in the petition for the writ are errors which could have been reviewed by this court upon appeal. They go either to the sufficiency of the petition and complaint in the original action, the regularity of the proceedings thereunder, the introduction of evidence, the sufficiency of the evidence, or the justness of the amount of damages awarded.

It is alleged in the petition that an appeal in this case would not be adequate because the amount provided for in the decree would become a lien and cast a cloud upon

the title of the property affected, and that pending the appeal, which could not be determined for several months, the petitioners would be irreparably damaged. The act under which these proceedings were instituted and prosecuted provides (§ 1, Laws 1901, p. 181):

"   .  .  .   Every person or corporation feeling himself or itself aggrieved by any judgment for damages or any assessment of benefits provided in this act, may appeal to the supreme court of the state within thirty days after the entry of the judgment, and such appeal shall bring before the supreme court the propriety and justness of the amount of damage or assessment of benefits in respect to the parties to the appeal."

The term "propriety and justness of the amount of damage" must mean that the court may review the propriety of the award as well as the justness of the amount. To determine these questions necessarily involves the review of all errors which at the trial have affected either the propriety or the justness of the amount of the award. This court has repeatedly held that the writ will not issue where there is an adequate remedy by appeal. *State ex rel. Carrau v. Superior Court,* 30 Wash. 700 (71 Pac. 648).

The adequacy of the remedy is not affected by reason of the fact that the lien of the judgment may attach pending a determination of the appeal in this court. All judgments become liens on real estate when entered, and, if appeal is not adequate in cases of the kind at bar, it is inadequate in any case where judgments are entered and appealed from.

We think the petitioners had a plain and adequate remedy by appeal, and the writ is therefore denied.