[No. 5031.　Decided January 11, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Oliver S. Young, Plaintiff,* v. JOHN C. DENNEY, *Judge of the Superior Court for Snohomish County, Defendant.*[1]

CERTIORARI—APPOINTMENT OF GUARDIAN—REVIEW—ADEQUATE REMEDY BY APPEAL. A writ of certiorari will not be granted to review the action of the superior court in appointing a guardian without jurisdiction, since there is an adequate remedy by appeal, and the delays incident to appeals do not affect the adequacy of the remedy.

Application to the supreme court filed November 17, 1903, for a writ of certiorari to review an order of the

1Reported in 74 Pac. 1021.

superior court for Snohomish county, Denney, J., appoint-
ing a guardian for the relator.   Writ denied.

*Robert McMurchie,* for relator.

PER CURIAM.—This is an original application in this
court for a writ of certiorari directed to the superior court
of Snohomish county and to the Honorable John C. Den-
ney, the judge thereof.  The affidavit of the relator states,
that on the 17th day of November, 1903, the said court,
through said judge, made an order appointing one W. P.
Bell guardian of the person and estate of relator, the re-
lator being at the time more than seventy-five years of age;
that said Bell thereafter pretended to qualify as such
guardian, and now claims to be the lawful guardian of
the relator, and as such has possession of all of relator's
funds, amounting to about $3,000 in notes and securities;
that no notice, citation, or process of any kind was ever
issued out of said court in such proceeding, bringing, or
seeking to bring, relator within the jurisdiction of said
court; that no inquisition of any kind was ever held, and
relator was at no time, during or since the pendency of
the proceedings, personally or physically present before
the court; that no evidence was offered touching the ques-
tion of relator's competency or sanity, and in making
such order said court acted wholly upon the petition of
said Bell, including a certain paper attached thereto desig-
nated "Nomination of guardian," wherein relator pur-
ported to nominate said Bell as a suitable person to act
as his guardian, and asked that he be appointed guardian
of both relator's person and estate; that thereafter relator
specially appeared in said proceeding and moved the
court to vacate the order appointing said Bell guardian as
aforesaid, upon the ground that the court had no juris-
diction of relator's person, or of the subject matter of

said proceeding, which motion was denied. Other facts are alleged in the affidavit, but the above statement essentially covers the necessary facts involved in this application.

It is urged that an appeal will not afford a sufficiently speedy and adequate remedy, for which reason review by certiorari is sought. It has been the uniform rule of this court to deny the writ of certiorari, and the other extraordinary writs of mandamus and prohibition, when it appeared that there was an adequate remedy by appeal. It has also been determined that the delays and annoyances incident to an appeal do not affect the adequacy thereof. *State ex rel. Nelson v. Superior Court,* 31 Wash. 32, 71 Pac. 601; *State ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648; *State ex rel. Vincent v. Benson,* 21 Wash. 571, 58 Pac. 1066; *State ex rel. Washington Dredging & Imp. Co. v. Moore,* 21 Wash. 629, 59 Pac. 505; *State ex rel. Hibbard v. Superior Court,* 21 Wash. 631, 59 Pac. 505; *State ex rel. Townsend Gas & Elec. Light Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933.

A clear remedy by appeal exists in favor of the relator, under subd. 7, § 6500, Bal. Code. Following the rule of the above cited cases, the writ is denied.