[No. 8158.  Department One.  December 16, 1909.]

JAMES A. JONES, *Plaintiff*, v. B. E. PAUL *etc.*, *Respondent*.[1]

CERTIORARI—WHEN LIES—VACATION OF JUDGMENT—REMEDY BY APPEAL. Certiorari does not lie to review an order vacating a default judgment; since there is an adequate, though less speedy, remedy by appeal from the final judgment.

Application for a writ of certiorari to review an order of the superior court for Pierce county, Shackleford, J., entered April 17, 1909, vacating a default judgment. Denied.

*Gustave B. Aldrich*, for plaintiff. .

*J. B. Keener*, for respondent.

Gose, J.—This is an application for a writ of certiorari to review an order of the superior court vacating a default judgment. The crucial question presented is whether the writ will issue to review an interlocutory order where there is an adequate but less speedy remedy by appeal. In *Nelson v. Denny*, 26 Wash. 327, 67 Pac. 78, the court in holding that an order vacating a judgment was not an appealable one, quoted from *Freeman v. Ambrose*, 12 Wash. 1, 40 Pac. 381, as follows:

"We think it against the policy of the law to give the act

[1]Reported in 105 Pac. 625.

a construction that would multiply appeals and permit litigants to bring their causes here by piecemeal, and especially so since the act itself provides that an appeal from any 'final judgment shall also bring up for review any order made in the same action, either before or after the judgment.' Laws 1893, p. 119, subd. 1, §1. The ruling complained of can be reviewed after a final judgment shall have been entered in the cause, and upon an appeal from such judgment a complete and just disposition of the cause can be made. To permit an appeal from an order of this character is to needlessly delay the progress of litigation, frequently amounting to a denial of justice, and in a vast majority of cases it would be productive merely of expense to litigants and the placing of useless and unnecessary labor upon the court."

Our code, Bal. Code, § 5741, provides that the writ of review shall be granted:

"When an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

The logic of the *Nelson* case applies with equal force to the application for a writ of certiorari. If the final judgment is against the relator he can review, upon an appeal from that judgment, the question whether the court exceeded its jurisdiction or abused its discretion in vacating the judgment. This court has uniformly denied the writ, as well as other extraordinary writs, where there was an adequate, although less speedy, remedy by appeal. The delay and annoyance incident to an appeal has not been a controlling factor in determining whether a writ will be granted or denied. See, *State ex rel. Young v. Denney*, 34 Wash. 56, 74 Pac. 1021, and the cases there collated.

The writ will be denied.

Rudkin, C. J., Chadwick, Fullerton, and Morris, JJ., concur.