[No. 8932.   Department Two.   January 20, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Christian Brunn, Appellant*, v. THE STATE BOARD OF MEDICAL EXAMINERS, *Respondent*.[1]

PHYSICIANS—LICENSE TO PRACTICE—PROCEEDINGS—APPEAL. Appeal lies from the order of the board of medical examiners refusing a license to practice, under Rem. & Bal. Code, § 8399.

MANDAMUS—WHEN LIES—ADEQUATE REMEDY BY APPEAL. Mandamus does not lie to review the action of the board of medical examiners in refusing a license to practice, there being an adequate remedy by appeal, under Rem. & Bal. Code, § 8399.

SAME. The adequacy of the remedy by appeal is not affected by the failure of the party to avail himself thereof within the statutory period.

Appeal from an order of the superior court for King county, Gay, J., entered February 23, 1910, upon sustaining a demurrer to the affidavit, dismissing an application for a writ of mandamus.   Affirmed.

*Pruyn, Streff & Hoeffler* and *Milo A. Root*, for appellant.

*Howard G. Cosgrove* and *Higgins, Hall & Halverstadt*, for respondent.

CROW, J.—Christian Brunn applied to the superior court of King county for a writ of mandamus directed to the board of medical examiners of the state of Washington, compelling it to issue a license to him to practice osteopathy. In his amended affidavit he alleged, that for more than seven years prior to March 18, 1909, he had been continuously treating the sick and afflicted under the system and method of osteopathy, within this state, being located at and residing in Ellensburg for more than three years last past; that more than two weeks prior to July 6, 1909, he made due appli-

[1]Reported in 112 Pac. 746.

cation to the board of state medical examiners for a license to practice osteopathy, furnishing all required evidence; that the board refused him a license, by its decision filed and entered in the following words:

"The board of medical examiners of the state of Washington in regular session having duly considered the application of Christian Brunn for a license from said board to practice osteopathy in said state, does hereby refuse to grant said license for the reason that the said Christian Brunn did not file any osteopathic diploma with this board or its secretary as provided by law. Dated this 10th day of July, 1909;" that the relator was not by law required to file any such diploma, and that no other reason for refusing a license was assigned by the board. To this amended affidavit the board interposed a demurrer, which was sustained. Thereupon the relator refused to plead further, and has appealed from an order dismissing his application.

It is conceded that no appeal was taken from the order of the board refusing the license, and the controlling questions now before us are whether the appellant had a complete and adequate remedy by appeal from the order of the board, and if he had, whether mandamus will lie to compel the issuance of a license. There can be no doubt but that the first question must be answered in the affirmative. The right of appeal was expressly granted by Rem. & Bal. Code, § 8399, the same to be taken within thirty days after the filing of the decision of the board. This court has sustained such right of appeal. *In re Littlefield, ante* p. 150, 112 Pac. 234.

It is a well established doctrine, repeatedly recognized and announced by this court, that mandamus will not lie in favor of a relator who has an adequate remedy at law, by appeal or otherwise. Section 8399, *supra,* provides for a trial *de novo,* on appeal from the order of the board, and such a trial *de novo* would secure to a complaining party as complete an investigation and as adequate a remedy as could possibly be obtained in a mandamus proceeding. It is mani-

fest that the appellant was afforded an adequate remedy by appeal, had he sought the same within the statutory period. This being true, he cannot now obtain relief by mandamus. In *State ex rel. Young v. Denny*, 34 Wash. 56, 74 Pac. 1021, this court, citing numerous authorities, said:

"It is urged that an appeal will not afford a sufficiently speedy and adequate remedy, for which reason review by certiorari is sought. It has been the uniform rule of this court to deny the writ of certiorari, and the other extra-ordinary writs of mandamus and prohibition, when it appeared that there was an adequate remedy by appeal. It has also been determined that the delays and annoyances incident to an appeal do not affect the adequacy thereof."

See, also, *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207; *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Gillette v. Clausen*, 44 Wash. 437, 87 Pac. 498; *State ex rel. LaFurgey v. Superior Court*, 47 Wash. 154, 91 Pac. 639.

The order of the board refusing the license was made and entered on July 10, 1909. Appellant in his brief concedes that more than sixty days thereafter, he filed his original affidavit in this proceeding to obtain a writ of mandamus. His time for appeal had then expired. He now contends that as no remedy by appeal now remains to him, he should obtain a writ, insisting that his license was illegally refused. The adequacy of his remedy by appeal cannot be affected by his failure to avail himself of such remedy within the statutory period. In *State ex rel. Washington Dredg. & Imp. Co. v. Moore*, 21 Wash. 629, 59 Pac. 505, we said:

"The order of the court, then, being appealable, under the decisions of this court in *State ex rel. Light Co. v. Superior Court*, 20 Wash. 502 (55 Pac. 933), and *State ex rel. Vincent v. Superior Court*, filed November 15, 1899, *ante*, p. 571, the action for mandamus will not lie, whether the court was acting with or without jurisdiction. Of course, the fact that the appeal is not available to the relator now cannot

be taken into consideration, as it was through his fault that the appeal to which he was originally entitled failed."

The judgment is affirmed.

Dunbar, C. J., Rudkin, Chadwick, and Morris, JJ., concur.