[No. 10920.  *En Banc.*  January 4, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Andrew J. Quigley, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

CERTIORARI—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL—ELECTION CONTEST. The delay incident to an appeal in an election contest does not authorize a review by certiorari, or render the remedy by appeal inadequate, by reason of the fact that the term of office begins, and the period of six months for preserving the ballots expires before the appeal can be heard; since the ballots can be preserved as other documentary evidence offered and rejected at the trial; and especially in view of the statute providing for appeals in election contests (MOUNT, C. J., and FULLERTON, J., dissenting).

Application for a writ of certiorari to review a judgment of the superior court for King county, Albertson, J., entered December 12, 1912, denying an application to order a recount in an election contest. Application denied.

*Geo. H. Rummens,* for relator, contended, *inter alia,* that the writ of review is the proper remedy. *State ex rel. Meredith v. Tallman,* 24 Wash. 426, 64 Pac. 759; *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385; *State ex rel. Royse v. Superior Court,* 46 Wash. 616, 91 Pac. 4, 123 Am. St. 948, 12 L. R. A. (N. S.) 1010; *Hill v. Superior Court,* 15 Cal. App. 307, 114 Pac. 805. An election contest, given to any elector who desires to contest an election, is in the interest of the public and should not be approached captiously, suspiciously, or capriciously by the courts. *Searcy v. Grow,* 15 Cal. 117; *Norwood v. Kenfield,* 30 Cal. 393; *Keller v. Chapman,* 34 Cal. 635; *Minor v. Kidder,* 43 Cal. 229; *Sweeny v. Adams,* 141 Cal. 558, 75 Pac. 182. The ballots are the primary and best evidence of the number of votes received by any candidate. 15 Cyc. 425; *People ex rel. Budd v. Holden,* 28 Cal. 124; *Coglan v. Beard,* 65 Cal. 58, 2 Pac. 737; *Id.,* 67 Cal. 303, 7 Pac. 738; *Tebbe v. Smith,* 108 Cal.

[1]Reported in 129 Pac. 83.

101, 41 Pac. 454, 49 Am. St. 68, 29 L. R. A. 673; *People ex rel. Keehler v. Robertson*, 27 Mich. 116; *Edwards v. Logan*, 114 Ky. 312, 70 S. W. 852, 75 S. W. 257; *Lucas v. Avis*, 28 Ky. Law 184, 89 S. W. 1; *Kingery v. Berry*, 94 Ill. 515; *Leonard v. Woolford*, 91 Md. 626, 46 Atl. 1025; *Garms v. People*, 108 Ill. App. 631; *Howser v. Pepper*, 8 N. D. 484, 79 N. W. 1018; *Caldwell v. McElvain*, 184 Ill. 552, 56 N. E. 1012. Malconduct does not necessarily mean fraudulent conduct; making mistakes in counting is malconduct. *Hadley v. Gutridge*, 58 Ind. 302; *Coglan v. Beard* and *Sweeny v. Adams, supra*. When the integrity of the ballots has been established, they should be received without any other evidence. *People v. Holden, Coglan v. Beard, Tebbe v. Smith, Kingery v. Berry, Edwards v. Logan*, and *Leonard v. Woolford, supra; Langley v. Head*, 142 Cal. 368, 75 Pac. 1088; *Abbott v. Hartley*, 143 Cal. 484, 77 Pac. 410; *Clanton v. Ryan*, 14 Colo. 419, 24 Pac. 258; *Catron v. Craw*, 164 Ill. 20, 46 N. E. 3; *Reynolds v. State ex rel. Titus*, 61 Ind. 392; *Hudson v. Solomon*, 19 Kan. 177; *Gantt v. Brown*, 238 Mo. 560, 142 S. W. 422; *People v. McClellan*, 191 N. Y. 341, 84 N. E. 68.

*W. H. White, Kitt Gould*, and *Edgar C. Snyder*, for respondents.

ELLIS, J.—On December 13, 1912, the relator procured, upon *ex parte* application, a writ of certiorari, to review the proceedings of the superior court of King county in an action to contest an election. On the return day fixed by the writ, the respondent, Byron Phelps, moved to quash the writ on the ground of lack of jurisdiction. Briefly, the ruling sought to be reviewed is the action of the trial court in refusing to order a recount of the ballots until some proof *aliunde* the ballot boxes should be made tending to impeach the regularity or integrity of the official count and canvass.

It is contended that certiorari will not lie, because the statute governing election contests accords an adequate remedy by appeal. Rem. & Bal. Code, § 4956. The relator argues that the remedy by appeal would not be adequate, for the reason that the contestee would take office on January 13, 1913, and would hold the office a number of months before an appeal could be heard, and that the six months during which the ballots will be preserved under the statute (Rem. & Bal. Code, § 4928), would expire and the ballots would be destroyed before a retrial could be had. This argument is not convincing. The same result would follow in every case of election contest if it would follow in this case, and the section of the statute giving the appeal would be nugatory. But no such result need follow in any case. Documentary and physical evidence when properly offered may, although rejected, be preserved and made exhibits in the case. The same facilities exist for the preservation in the statement of facts of evidence offered and rejected as of that received. The remedy by appeal would be as adequate in this as in any other election contest. The delay would be no greater than in an appeal in a case of any other character, and we have repeatedly held that the delay incident to an appeal cannot be regarded as affecting the adequacy of the remedy. *Jones v. Paul*, 56 Wash. 355, 105 Pac. 625; *State ex rel. Young v. Denney*, 34 Wash. 56, 74 Pac. 1021; *State ex rel. Nelson v. Superior Court*, 31 Wash. 32, 71 Pac. 601; *State ex rel. Northern Pac. R. Co. v. Superior Court*, 46 Wash. 303, 89 Pac. 879; *State ex rel. Carrau v. Superior Court*, 30 Wash. 700, 71 Pac. 648. Where the remedy by appeal is adequate, certiorari or other extraordinary remedy will not lie. *State ex rel. Coplen v. Superior Court*, 66 Wash. 225, 119 Pac. 383; *State ex rel. Vincent v. Benson*, 21 Wash. 571, 58 Pac. 1066; *State ex rel. Washington Dredging & Imp. Co. v. Moore*, 21 Wash. 629, 59 Pac. 505; *State ex rel. Hibbard & Co. v. Superior Court*, 21 Wash. 631, 59 Pac. 505; *State ex rel. Townsend Gas & El. L. Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933.

The legislature, in enacting § 4956, providing the remedy by appeal in election contests in the very same statute allowing a contest, must be presumed to have considered that remedy adequate in such cases. To hold that it is inadequate in this case is to hold that it is inadequate in any such case. It is, in effect, to repeal the statute, and declare a policy contrary to that expressly declared by the legislature upon a subject clearly within its province.

The decisions of this court cited by the relator are not pertinent to the case here. *State ex rel. Meredith v. Tallman*, 24 Wash. 426, 64 Pac. 759; *State ex rel. Royse v. Superior Court*, 46 Wash. 616, 91 Pac. 4, 123 Am. St. 948, 12 L. R. A. (N. S.) 1010. In each of these cases the remedy by appeal was held inadequate because, and only because, the term of office would expire before the hearing on appeal could be had. No such condition is found in the case before us. The other case cited, *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385, rests upon the same ground, namely, that the remedy by appeal was inadequate to preserve the fruits of the litigation if won.

The proceedings in contest here presented are not in *quo warranto*, either as at common law or as given by our analogous statutory action. The right to a contest such as here sought to be reviewed rests solely upon, and is governed by, the provisions of the particular statute providing therefor. Rem. & Bal. Code, §§ 4941 to 4957, inclusive. The section giving the remedy by appeal has never been repealed, either expressly or by implication. To entertain this writ, in the absence of anything distinguishing the proceedings from other election contests brought under the statute, would be a gratuitous assumption of the legislative function.

The motion to quash is granted, and the application is denied.

PARKER, CROW, MAIN, MORRIS, CHADWICK, and GOSE, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur, either in the opinion announced by Judge Ellis, or in the judgment which the majority of the court think proper to render in this case. The statute thought to require judgments entered in election contests to be brought to this court by appeal only was first enacted by the territorial legislature in 1866. It was reenacted in the form of a code by the territorial legislature of 1881, and published in the code of that year known as the Code of 1881. Since that time it has been carried forward by the codifiers of the laws of Washington into the several codes, without change of verbiage except to substitute the term "Superior Court" for the term "District Court," wherever such term appeared in the act. The statutes relating to appeals were changed and modified a number of times by the territorial legislature between the years 1866 and the change from the territorial form of government into statehood; and twice since that time. The changes made in the statutes during this period in this respect were radical. Indeed, there is scarcely any resemblance between the present statute relating to appeals and the statutes relating thereto of 1866 or 1881. It has seemed to me, therefore, that, if the term "appeal" as used in the statute of 1866 or Code of 1881, ever had any technical significance, it has lost it by the subsequent repeal of the statutes to which it did relate and the enactments of new and different statutes called statutes of appeal. In other words, inasmuch as the right and method of contesting an election was statutory, rendering it necessary to provide for a review in the higher court from the judgment of the court of original jurisdiction, if such review was to be had, the legislature used the term "appeal" in the sense of "review," and not in the sense of making a distinction between two forms or methods of review that might thereafter be provided. This being the true meaning of the statute, the court should give it effect by allowing reviews in this court for election contests by a writ of review whenever the remedy by appeal is not plain, speedy or adequate. That

the remedy by appeal in this instance does not afford a plain, speedy or adequate remedy seems to me to be incontrovertible. The delays incident to the fact that this court can hear appeals only at regular sessions, and the delays incident to the procedure itself, even if pursued with the utmost diligence, will hardly render it possible to have a final determination of this case before the term of the officer whose right is sought to be contested expires. Other reasons might be given, but this fact alone, to my mind, shows that the remedy by appeal is inadequate.

The case should therefore be determined upon its merits.

MOUNT, C. J., concurs with FULLERTON, J.