[No. 12455. Department Two. November 18, 1914.]

THE STATE OF WASHINGTON, *on the Relation of J. Howard Shattuck, Sheriff etc., Plaintiff*, v. WALTER M. FRENCH, *Judge etc., Respondent.*[1]

CERTIORARI—REMEDY BY APPEAL—ADEQUACY—APPEAL BY STATE IN CRIMINAL CASE. Certiorari does not lie on behalf of the state to review an order discharging a prisoner upon the sheriff's return to a writ of habeas corpus, on the ground that he had not been brought to trial within sixty days as required by statute, since there is an adequate remedy by appeal under Rem. & Bal. Code, § 1716, subd. 7, providing that appeals shall be allowed to the state in criminal actions where the error complained of is . . . some other material error in law not affecting the acquittal of a prisoner on the merits; as the legislature, by giving the right of appeal in such cases, is presumed to consider the remedy adequate notwithstanding the prisoner may escape.

CERTIORARI — DECISIONS REVIEWABLE — FINALITY. Certiorari does not lie to review a threatened order of the superior court, since there is nothing to review until an order has been entered.

Application for a writ of certiorari to review a threatened order of the superior court for Kitsap county, French, J., discharging a prisoner upon return to a writ of habeas corpus. Denied.

*F. W. Moore* and *R. M. Morford*, for relator.

*Garland & McLane*, for respondent.

[1]Reported in 144 Pac. 28.

ELLIS, J.—This case is here upon the return to an alternative writ of certiorari to review a threatened order of the superior court of Kitsap county, discharging a prisoner upon the sheriff's return to a writ of habeas corpus issued from that court. The facts are not disputed.

On August 18, 1914, one James Stewart was arrested upon a warrant founded upon an information charging him with the crime of lewdness, under the provisions of the statute defining lewdness, and declaring it a gross misdemeanor. Rem. & Bal. Code, § 2458 (P. C. 135 § 411). He was confined in the county jail for more than sixty days. No steps were taken to bring him to trial. After the expiration of the sixty days, the prisoner applied to the superior court for his release by writ of habeas corpus. The matter came on for hearing on October 20, 1914, when the court signified an intention to discharge the prisoner for the reason that he had not been brought to trial within sixty days from the filing of the information, and that no postponement had been requested by the prisoner, or by any one in his behalf. The prosecuting attorney then asked leave to dismiss the proceeding upon the original information and to file a new information. The court thereupon entered an order in the original cause, dismissing the same and granting leave to the prosecuting attorney to file a new information. The prisoner was immediately re-arrested by the sheriff on a warrant founded on a new information filed with the court, which charged the same offense and in the same language as in the original information. The prisoner thereupon sued out a second writ of habeas corpus returnable forthwith. The sheriff demurred to the petition for the writ, upon the ground that, under the circumstances appearing upon the face of the petition, the issuance of the writ of habeas corpus is prohibited by statute. The demurrer was overruled. For return to the writ, the sheriff set up the fact that he held the prisoner by virtue of an information and a warrant of arrest issued thereon, copies of which were attached to the return.

An immediate hearing was had and, as appears from the trial judge's return to the alternative order herein, which return is not controverted, the trial court was advised not only by the two informations that the same offense was charged and in the same language in both cases, but that it was so stated by the prosecuting attorney in open court upon the hearing. The trial court thereupon expressed the opinion that the prisoner should be released, for the reason that the crime charged was a misdemeanor and that the prisoner had been confined in jail for more than sixty days, and had been discharged for that reason by order of the court, and that the state was barred from any further prosecution for the same offense. On request of the prosecuting attorney, the trial court took the matter under advisement, and withheld his decision until the prosecuting attorney should have time to apply to this court for a writ of review.

The statute, Rem. & Bal. Code, §§ 2312, 2315 (P. C. 135 §§ 119, 125), declares:

"§ 2312. If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

"§ 2315. An order dismissing a prosecution under the provisions of sections 2311, 2312, or 2314 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution."

Under the conceded facts, the trial court clearly had both the jurisdiction and the statutory authority to determine the matter in some sort of proceeding. This is conceded, but it is urged that this power can only be invoked by motion to dismiss the prosecution. The relator advances a number of grounds upon which it is claimed the action of the trial court should be reversed, all of which are referable to the

one fundamental contention that habeas corpus will not lie to discharge a prisoner who has not been brought to trial within the statutory period of sixty days, but that the prisoner's remedy is by motion in the criminal action itself. This is an interesting question, but can we determine it in this proceeding? We are confronted at the outset with the preliminary question which, although not raised by either side, must be determined in the interest of sound and orderly procedure. Was the alternative writ of review providently issued on a state of facts such as here presented? Is there a right of review by certiorari on application by the state in such a case as this? We think not, for two reasons; (1) because no judgment or order discharging the prisoner has yet been entered, hence, there is nothing to review; (2) because, even had the order been entered, the state would have an adequate remedy by appeal.

It is elementary that certiorari lies only where there is no appeal nor any plain, speedy or adequate remedy at law. Rem. & Bal. Code, § 1002 (P. C. 81 § 1729). The statute governing appeals, Rem. & Bal. Code, § 1716 (P. C. 81 § 1183), after according to any party aggrieved an appeal to the supreme court from the final judgment entered in any action or proceeding, further declares in subdivision 7 of the same section:

"But an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or is some other material error in law not affecting the acquittal of a prisoner on the merits."

Whatever the proceedings adopted in the trial court for the release of the prisoner, it is obvious that the release, if contrary to law, would involve "material error in law not affecting the acquittal of a prisoner on the merits." It is clear, therefore, that the state would have the right of ap-

peal from the order of release. Such appeals by the state have been entertained repeatedly by this court when the order of release complained of was based upon the ground here involved or upon cognate grounds. *State v. Miller*, 72 Wash. 154, 129 Pac. 1100; *State v. Poole*, 64 Wash. 47, 116 Pac. 468. It will not do to say that the appeal by the state would be inadequate because the prisoner would be released and might abscond before the appeal could be heard. The legislature, by its failure to provide for a stay of the order discharging a prisoner in any case on an appeal by the state, has, in effect, declared the remedy by appeal an adequate remedy notwithstanding the prisoner's release. If we entertain the writ of review in this case on the ground of inadequacy of the state's remedy by appeal, then we must, for the same reason, entertain it in every case where a prisoner is discharged on demurrer to an information, or for lack of jurisdiction, or for any other reason involving "material error in law not affecting the acquittal of a prisoner on the merits." The legislature, by giving the right of appeal in all such cases, must be presumed to have considered that remedy adequate in at least some case to which it would apply. If we entertain this writ we would, in effect, abrogate the statute' giving an appeal to the state in such cases, by holding the remedy by appeal inadequate in every case to which the statute can apply. As we said in *State ex rel. Quigley v. Superior Court*, 71 Wash. 503, 129 Pac. 83:

"It is, in effect, to repeal the statute, and declare a policy contrary to that expressly declared by the legislature upon a subject clearly within its province."

We shall pursue the discussion no further, since, in any event, no order of any kind has yet been made and there is nothing for us to review. We are now clear that, viewing the matter from every angle, the alternative writ of review was improvidently issued. Had an order been entered holding the prisoner for trial, and had he applied for the writ of re-

view, a different question would be presented. We express no opinion as to the adequacy of his remedy by appeal.

The proceeding is dismissed.

CROW, C. J., MAIN, FULLERTON, and MOUNT, JJ., concur.