[No. 14450.    Department Two.    October 6, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Thomas H. Bellingham et al., Plaintiff*, v. JOHN AUGUST ABRAHAMSON *et al., Respondents.*[1]

PROHIBITION—WHEN LIES—JURISDICTION — ADEQUACY OF REMEDY BY APPEAL. Prohibition does not lie to prevent a threatened erroneous exercise of jurisdiction in condemnation proceedings with two juries under the Army Post act, Laws 1917, p. 2, which provides for only one jury, but gives complete jurisdiction to proceed by condemnation proceedings, since the act gives an adequate remedy by appeal, which is the test as to whether the writ lies, irrespective of the question of jurisdiction or lack of jurisdiction.

Application filed in the supreme court September 21, 1917, for a writ of mandamus to require the superior court for Pierce county, Clifford, J., to proceed with the trial of a condemnation proceeding with one jury instead of two. Denied.

*Fred G. Remann* and *J. T. S. Lyle* (*Scott Z. Henderson, Robert M. Davis,* and *Nat U. Brown,* of counsel), for relators.

*Sullivan & Christian* and *Bates & Peterson,* for respondents.

HOLCOMB, J.—This is an original application for a writ of mandate to command and require the respondents, the superior court of the state of Washington for Pierce county and the Honorable M. L. Clifford, judge of that court, to proceed with the trial of a condemnation proceeding with one jury instead of two juries, as alleged to be contemplated by the respondents.

The condemnation proceeding was one of two begun by Pierce county for the appropriation, condemnation and assessment of damages of approximately 70,000 acres of land for army post purposes, under the provisions of chapter 3,

[1]Reported in 168 Pac. 3.

Laws of 1917, p. 2, and proceeds against about 35,000 acres and several hundred parties. By that chapter, the right of eminent domain is extended to Pierce county, as the agent of the state, for the purpose of condemnation and appropriation of such land in the county as shall be found to be necessary, and to donate and convey the same to the United States for a permanent mobilization, training and supply station for any and all such military purposes, including supply stations, the mobilization, distribution and training of the United States army, state militia, or other military organizations, etc.; conferring on such county the power of eminent domain for the purposes, and providing procedure therefor.

The act provides that it shall be discretionary with Pierce county, as petitioner, to join all parties in one proceeding, or in one or more proceedings as may be determined by its board of county commissioners or attorney for the county, to condemn and acquire all the land that the secretary of war shall select for the purposes mentioned. It is further provided that, in proceedings to appropriate, the county commissioners shall present to the superior court of the county or the judge thereof a petition in which the land and other property sought to be appropriated shall be described with reasonable certainty, and setting forth the name of each and every owner, etc., as far as the same can be ascertained from the proper records, and praying that a jury be impaneled to determine the compensation to be paid in money to such owner or owners, etc. Section 10 of the act provides for notice and prescribes the contents thereof, to be served upon each and every person named therein as owner, encumbrancer, tenant or person otherwise interested therein; the manner of service and the proof thereof to be made to the court. Section 13 provides that, at the time and place appointed for hearing the petition, and upon certain proof that the parties interested in the land have been duly served with notice as prescribed, the court shall be satisfied by competent proof that the contemplated use for which

the land, real estate or other property sought to be appropriated is really a public use, the court or judge shall make an order impaneling the jury; that such jury may be the same jury as summoned for the trial of ordinary civil actions before the court, or the court may in its discretion issue a venire to summon as jurors such number of qualified persons as the court shall deem sufficient. Section 14 prescribes the method of trial, and that the jurors at such trial shall make a proper and separate assessment of damages which shall result to any person, corporation, county, or the state, or to any municipal or public corporation or other party by reason of the appropriation and use of such land, etc., and shall ascertain, determine and assess the amount of damages to be paid to each owner or owners, respectively, and to any tenant, encumbrancer or others interested for the taking and injuriously affecting such land.

It further provides that, in case a jury is waived as in other civil actions in courts of record in the manner prescribed by law, the compensation shall be ascertained and determined by the court and judge thereof, and the proceedings shall be the same as in the trials of issues of fact before the court. Section 15 provides that any final judgment or judgments rendered upon any findings of any jury or juries, or upon any findings of the court in case a jury be waived, shall be final and conclusive unless appealed from, and no appeal from the same shall delay the proceedings nor deprive the county of the right to possession of the property condemned, if the county shall pay into court for the owners and parties interested, as directed by the court, the amount of the judgment and costs. Section 16 provides for taking immediate possession under order of the court of the land condemned and appropriated, where the award of the jury or the court, together with costs, have been paid to the person entitled thereto, or into court for his benefit. Section 19 provides that, except as otherwise in the act provided, the practice and procedure under the act in the superior court,

in relation to the taking of appeals and the prosecution thereof, shall be the same as in other civil actions, but that appeals from any judgment must be taken within thirty days from the date of filing the judgment appealed from.

It will be observed, by reading the act in question, that it does not provide that the different landowners are entitled to separate jury trials as a matter of right, but it does provide that the county may proceed by one or more proceedings to condemn and acquire the land and assess the damages. Having proceeded by two petitions, one of which is now before the superior court for disposition, and one jury having been impaneled to try the issues involved therein, it is contended by relators that respondents are proceeding without jurisdiction, or in excess of jurisdiction, in providing for two juries to hear and determine the issues involved in the case now before the trial court, and that the act in question not having so provided, the trial court has no discretion, but must of necessity proceed with but one jury. It is true the act is dissimilar from chapter 153, Laws 1907, p. 316 (Rem. & Bal. Code, § 7768 et seq.), enabling cities to exercise the right of eminent domain and providing therein for one proceeding in each instance if desired, but that any defendants or parties in interest might upon demand, and if the court should deem proper, have separate juries impaneled to fix compensation and assess damages to be paid to one or more of such defendants or parties in interest.

The application herein, while in form one for writ of mandate, is in reality an application for a writ of prohibition. It seeks, in effect, to prohibit respondents from proceeding with more than one jury in the trial of condemnation cases now before it; but whether considered as an application for prohibition or mandate, the result sought is the same, for one is the counterpart of the other under our statute.

The answer of respondents admits the intention to impanel two juries to try the matters, and avers it to be a matter of economy of time and money and of convenience to all parties,

and for the purpose of expediting the proceedings to final determination, lessen the burden on the juries, and insure full, fair and adequate consideration of the facts, and hence a fair and impartial trial to all parties. It is also alleged that the landowners who had appeared to defend the proceedings were in court in great numbers or represented by counsel, when the intention to impanel two juries was announced, and made no objection thereto, but apparently acquiesced. It is also alleged that the trial court will submit all undefended appropriations which may be submitted to a jury to the first jury impaneled, so that there will be no question arise as to the regularity and legality of the impaneling of the jury which shall pass upon the cases of such defaulted parties. It is the intention of the trial court to try the matter in groups of twenty-five or more tracts of land, or less if desired, at the convenience and selection of the county and its attorneys, so that no great inconvenience or disadvantage to the petitioner or its attorneys will occur and the juries may be better able to pass upon the facts involved.

We are not satisfied as to whether, under the statutes before us for the condemnation and assessment of damages of the real estate required for the army post purposes, there is any discretion vested in the trial court to have more than one jury try the question of compensation and damages under one petition, against the objection of the petitioner, the other parties for whose benefit the constitution guarantees trial by jury not objecting nor complaining; or whether, if error, it would be presumed to be prejudicial to any party. But we are convinced that, the court having jurisdiction of the person and subject-matter, prohibition does not lie to prevent the threatened erroneous exercise of that jurisdiction. *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 62 Pac. 143. In that case, there was laid down the principle that

"The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy. Nor will it be allowed to take the place of an appeal, or perform the

office of a writ of review.  It is a preventive remedy, and as such is bound by rigid rules, and is only issued in cases of extreme necessity.  The remedy is employed only to restrain courts and inferior tribunals exercising judicial functions from acting without, or in excess of their jurisdiction; and, if the court or tribunal sought to be restrained has jurisdiction of the subject-matter in controversy, a mistaken exercise of its acknowledged powers will not justify the issuance of the writ.  Stated in another way, 'it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction.'  High, Extraordinary Legal Remedies, § 772.  It is also a general rule that the writ will issue only when it is made to appear that the party aggrieved has applied in vain to the inferior tribunal for relief, and then only when there is no other plain, speedy, or adequate remedy in the ordinary course of law."

Again, in *State ex rel. Prentice v. Superior Court*, 86 Wash. 90, 149 Pac. 321, we announced that,

"Where the superior court has jurisdiction of the subject-matter in controversy, prohibition will not lie, where there is an adequate remedy by appeal.  The writ is not issued to prevent the commission of mere error, nor to take the place of an appeal, or perform the office of a writ of review for the correction of error.  The writ will only issue to inferior courts where they are proceeding, or threaten to proceed, without, or in excess of, their jurisdiction."

Mandamus can only be issued where the law especially enjoins the performance of any duty resulting from an official trust or station, and then only when there is no other plain and adequate remedy.  *Paul v. McGraw*, 3 Wash. 296, 28 Pac. 532.

The adequacy of the remedy by appeal or in the course of law is the test in all cases as to whether mandamus will lie, irrespective of the question of jurisdiction or lack of jurisdiction.  *State ex rel. Townsend Gas & Elec. Light Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933; *State ex rel. Washington Dredging & Imp. Co. v. Moore*, 21 Wash. 629, 59 Pac. 505; *State ex rel. Miller v. Superior Court*, 40

Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395.    Mandamus will not lie to compel action by the superior court where there is an adequate remedy by appeal. *State ex rel. Hibbard v. Superior Court,* 21 Wash. 631, 59 Pac. 505; *Scott v. Bourn,* 13 Wash. 471, 43 Pac. 372; *State ex rel. Stratton v. Tallman,* 25 Wash. 295, 65 Pac. 545; *State ex rel. Stratton v. Tallman,* 29 Wash. 317, 69 Pac. 1101.

In the case at bar, it is manifest that the superior court is proceeding in the exercise of its general jurisdiction, and jurisdiction in a subject-matter undeniably conferred specifically by positive legislation, and it is admitted that it had acquired jurisdiction of the persons of all the respondents against whom relators were proceeding.    In such case, neither mandamus nor prohibition will lie to correct or prevent a threatened error in procedure in the progress of the trial, at least where there is an ample and adequate remedy in the ordinary course of law by appeal.    It is idle to say that to permit respondents to proceed in the threatened manner would cause irreparable injury to Pierce county.    The statutes under consideration provide for the review of all errors in the proceedings by appeal by any party, and provides for the protection of the rights of Pierce county, as the condemner, during the pendency of any appeals.    There is, therefore, an adequate remedy by appeal reserved for Pierce county, and no other proceeding to correct errors or threatened errors within the jurisdiction of the trial court is available to it.

The writ is therefore denied.

Ellis, C. J., Webster, and Parker, JJ., concur.