RICY H. JONES, APPELLANT, *v.* THE NEW YORK LIFE INSURANCE CO., RESPONDENT.

1. APPEALABLE ORDERS.—Orders permitting parties to intervene and refusing to strike out an answer as sham are not final orders, and are therefore not appealable.

(No. 601. Decided June 17th, 1895. 40 P. R. 702.)

APPEAL from the District Court of the Fourth Judicial District. Hon. H. W. Smith, *Judge.*

Action by Ricy H. Jones against the New York Life Insurance Company. From an order permitting B. H. Jones and another to intervene and refusing to strike out defendant's answer, plaintiff appeals. *Dismissed.*

*R. H. Jones,* in *pro. per.*

The answer of the insurance company was "good in form" but "false in fact," and not pleaded in good faith, and should have been stricken out. 2 Comp. Laws 1888, § 3239; *Gostorfs* v. *Taafe,* 18 Cal. 386; *Goldstein* v. *Krause,* 13 Pac. Rep. 232. The code provides for an answer or counter-claim, but not for an answer and interpleader. 2 Comp. Laws, 1888, § 3226. Under the code the answer shall contain a denial of the material allegations or a statement of new matter constituting a defense or counter-claim. This answer contained neither, and plaintiff was entitled to judgment on the pleadings. *Felch* v. *Beaudry,* 40 Cal. 439; *Hemme* v. *Hays,* 55 Cal. 337; *Loveland* v. *Garner,* 74 Cal. 298; *City* v. *Staude,* 28 Pac. Rep. 778. The court erred in summarily granting judgment of interpleader without motion, notice, affidavit or hearing. The

26

interpleader must be distinctly asked for.   11 Enc. of Law, 503, note 2; Story Eq. Plead. 297; Pomeroy's Rem. & Rem. Rights (2d ed.), 461.   It is too late after the case is at issue for the defendant to make his application for an interpleader.   *DeZouche* v. *W. G. Garrison*, 140 Pa. St. Rep. 431.

2 Comp. Laws, 1888, § 3190, provides that after suit the defendant may apply for an interpleader at any time before answer by motion upon affidavit and notice to the adverse party and other conflicting claimants.   The respondent having answered it was too late to bring in the other parties by interpleader.   In equity there can be no interpleader, when the party liable has incurred an independent liability to any of the claimants.   11 Enc. of Law, 494; 35 Am. Dec. 695; 11 Encyclopædia of Law, 501, n. 2, also 503, n. 1; *Phister* v. *Wade*, 56 Cal. 46. When can an interpleader be allowed at the instance of a party who admits a liability for the principal sum demanded, but denies the interest.   11 Encyclopædia of Law, 501, n. 4; *Bridesburg Mfg. Co.*, 106 Pa. St. 275. See on these principles generally; Story's Eq. Pl. 10 ed. p. 281 *et seq.*, 56 Cal. 46; 35 Am. Dec. 695.   "The defendants or either of them are at liberty to contest and deny the allegations in the bill, or to set up distinct and independent facts in bar of the suit; and in such case the plaintiff must reply to the answer and close the proofs in the usual manner before he can bring the cause to a hearing between himself and the defendants; and that at the hearing only can he insist (if such is his right) upon a decree that the defendants do interplead."   Story's Eq. Pl. 293; 11 Am. & Eng. Enc. of Law, 504; n. 2; 35 Am. Dec. 708, n. 3, for cases.   "An interpleading suit involves two successive litigations—one between the plaintiff and the defendants upon the question whether the defendants shall

interplead; the other between the different defendants, *i. e.,* the interpleading itself. The subjects of these two litigations are wholly separate and distinct and therefore they require separate allegations and separate proofs." Langdell Eq. Pl. 2 ed. 162; N. A. Story Eq. Pl. 10 ed. 287; Am. & Eng. Enc. of Law, vol. 11, 604, n. 2; 35 Am. Dec. 708, n. 3, for case.

*Mr. Frank Pierce,* for respondent.

MERRITT, C. J.

Plaintiff sued the defendant company to recover $1,500 and interest and costs upon an insurance policy, No. 363-119, issued on the life of Lewis H. Jones. The defendant answered that B. H. Jones and R. D. Jones each claimed said insurance money as administrator of Lewis H. Jones, deceased; that it was ignorant of the respective rights of the said claimants, and that it was not in collusion with either of them; and asked to be permitted to pay the money into court, and be discharged. Plaintiff moved to strike out the affidavit as "a sham and irrelevant answer," and cited defendant into court. Upon the hearing, plaintiff being present as his own attorney, the court found that the affidavit was sufficient to conform to the provisions of section 243 of the Code of Civil Procedure, and ordered the defendant to pay the insurance money, interest, and costs into court. Pursuant to this order, the defendant paid into court the sum of $1,555, the face of the policy and interest, and $15.50 costs, and was discharged. The affidavit filed by the defendant was entitled "Answer and Interpleader," but it contained all the facts required under section 243 of the Code of Civil Procedure. Defendant denied that any interest was due, and claimed that it should not be charged with the costs, but these two claims were waived by defendant in open

court, in presence of plaintiff, and no issues were tendered by defendant.   Plaintiff appeals only from the judgment. permitting B. H. Jones and R. D. Jones to interplead, and denying plaintiff's motion to strike out the answer as sham and irrelevant.   The appeal is not from the order, or that part of the order which discharges the defendant. under section 828 of the Code of Civil Procedure.   An appeal from an order allowing parties to interplead is not. allowed.   Neither is an appeal from an order refusing to strike out an answer.   They are not final judgments. There is no reason shown to change the order of the court.   The motion to dismiss the appeal is granted.

BARTCH and KING, JJ., concur.