# Walker *v.* National Guaranty Loan & Trust Co. *et al.*

*Petition in Pending Suit in Equity by Third Person to be allowed to intervene as a Creditor.*

1. *Petition for intervention; decree sustaining demurrers thereto will not support appeal.*—Where a petition is filed in a pending suit in equity by a third person in which he asks to be allowed to intervene in said suit, and upon demurrers interposed to such petition the chancellor renders a decree sustaining them, but does not dismiss the petition, such decree is interlocutory and will not support an appeal.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. J. C. CARMICHAEL.

On April 8, 1899, Dora Robinson claiming to be a stockholder in the National Guarantee Loan & Trust Company, a building and loan association, filed her bill in the chancery court of Jefferson county, in which she averred, among other things, the insolvency of said corporation and the mismanagement of its funds and assets; and in said bill she prayed for the appointment of a receiver of said corporation. Upon the filing of the bill a receiver was appointed.

On September 13, 1900, the appellant, P. C. Walker, filed his petition in said cause, in which he averred that in July, 1890, he became a stockholder in said company and acquired a certificate for ten shares of stock; and subsequently acquired other shares of stock in said company; that by the terms of the by-laws of said corporation, he had a right to withdraw his stock and said company agreed to pay the withdrawal value of said stock thirty days after the filing of the notice of withdrawal; that he filed his notice for withdrawal, and that on March 23, 1899, he received a certificate from said company stating the amount due him upon withdrawal.

The petitioner then further averred in the petition that "he was never paid anything, but by reason of said application and the by-laws of the company he became a creditor of said company and was entitled to his money within thirty days after said 23d day of February, 1899, at which time the said Nationad Guarantee Loan & Trust Company was a going concern, and petitioner had no notice of its insolvency, if it was insolvent."

The prayer of the petition was that the petitioner be allowed to "intervene in said cause as one of the creditors in said company and be declared to be a creditor of said company," and that he be allowed the payment of the sum named in the certificate of withdrawal with interest thereon. To this petition the receiver of the corporation demurred, upon the ground that said petitioner was not a general creditor of the corporation, but was a stockholder thereof, and was only entitled

to his *pro rata* share in the assets after the debts of the corporation were paid.

Upon the submission of the petition upon the demurrer the chancellor decreed "that said demurrer be and the same is hereby sustained. Leave is given the petitioner to amend until September 15, 1901." From this decree the persent appeal is prosecuted, and the rendition thereof is assigned as error.

LANE & WHITE, for appellant.

W. K. TERRY, *contra.*

SHARPE, J.—An appeal is here attempted from a decree which did not dismiss the intervening petition as was the case where this court entertained the appeal in *Thornton v. H. A. & B. R. R. Co.*, 94 Ala. 353, but which merely sustained a demurrer to the petition and left it pending. Such a decree is interlocutory and is not within the provisions of any statute allowing appeals. This court is, therefore, without jurisdiction to entertain the attempted appeal, and it will be dismissed.

Appeal dismissed.