[No. 4239.    Decided May 7, 1902.]

THE STATE OF WASHINGTON *on the Relation of Chas. P. Oudin et al.* v. SUPERIOR COURT OF SPOKANE COUNTY.

CERTIORARI — ADEQUACY OF REMEDY BY APPEAL.

Certiorari will not issue to review an order of the superior court refusing to discharge a receiver, when an appeal is pending in the action in which he was appointed, since the fact that the receiver's fees and expenses might depreciate the value of the property and that his management might render the business unprofitable would have no controlling influence upon the question of the adequacy of the remedy by appeal.

*Original Application for Certiorari.*

*W. J. Thayer,* for relator.

*R. L. Edmiston* and *Danson & Huneke,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—In October, 1900, M. L. Bergman and wife brought an action in the superior court of Spokane county against C. P. Oudin and wife, the Washington Pottery Company, the Oudin & Bergman Fire Clay Mining & Manufacturing Company, and others. It was alleged in the complaint that the defendants Washington Pottery Company and Oudin & Bergman Fire Clay Mining and Manufacturing Company were not corporations entitled to hold property, but that the property standing in the names of said defendants was copartnership property belonging to Bergman and wife and Oudin and wife. The plaintiffs prayed for an accounting and the appointment of a receiver of the partnership property pending the litigation. The defendants, upon the allegations of the complaint, confessed the application for a temporary receiver, and one was thereupon appointed, with general powers to take possession of the property of the Washington Pottery Company and the Oudin & Bergman, etc., Company, and to conduct the business of those companies. Thereafter defendants Oudin and wife answered the complaint, and alleged that the Washington Pottery Company and the Oudin & Bergman, etc., Company were corporations, and that plaintiff Bergman, having had charge of the business of said corporations, had used the profits thereof for the purchase of land in his own name, and was about to erect thereon a rival pottery plant; that defendants Oudin and wife were entitled to a dividend from the profits of the said corporations; and prayed that the court adjudge the property purchased as aforesaid to be the property of the corporations, and for a judgment against the Oudin & Bergman Fire Clay Mining & Manufacturing Company in the amount of undivided profits claimed to

be due. Thereafter the cause was tried, and the court made findings of fact, and entered a decree thereon, wherein it was found and adjudged that the defendants Washington Pottery Company and the Oudin & Bergman, etc., Company are corporations, and that the Oudin & Bergman, etc., Company is the successor in interest of all the property of the Washington Pottery Company; that C. P. Oudin and wife own one-half the capital stock of said corporations, and that defendants M. L. Bergman and T. F. Conlan own the other half thereof; that C. P. Oudin and M. L. Bergman are the trustees thereof; that Oudin is president and treasurer and Bergman is vice-president and secretary thereof; that there are no debts owing by said copartners, except to the parties hereto as undivided profits. It was also found that the Oudin & Bergman, etc., Company was indebted to Oudin and wife in the sum of $1,266.97, and that certain lands purchased by Bergman and Conlan are held in trust by them for the Oudin & Bergman, etc., Company. A decree was entered to the effect that Oudin and wife recover of the Oudin & Bergman, etc., Company the amount found due, and that upon the payment of the sum of $865 within four months by Oudin and wife to M. L. Bergman and T. F. Conlan, they should convey the lands described to the Oudin & Bergman, etc., Company. From this decree both parties appealed to this court, and the appeals were perfected by filing proper bonds, plaintiffs filing a supersedeas bond to stay the execution of the decree. Thereafter Oudin and wife moved the court to discharge the receiver upon the findings and decree. This motion was denied, and the relators thereupon applied to this court for a writ of certiorari to review the order of the court refusing to discharge the receiver.

A show-cause writ was ordered, returnable in this court on April 4, 1902. Upon the return of the writ it is not disputed that the Oudin & Bergman Fire Clay Mining & Manufacturing Company is a corporation, and perfectly solvent; that Oudin and wife own one-half of the stock thereof, and Bergman and Conlan the other half; that the corporation has officers and trustees; that there is no dispute as to the ownership of the property in possession of the receiver; that the receiver does not have possession of the lands which Bergman and Conlan had purchased, and upon which they had proceeded to construct a rival pottery plant. But it is claimed that this court has no jurisdiction to issue the writ, because the relators have a plain, speedy and adequate remedy by appeal. It is conceded by relators that the statute provides a remedy by appeal, but it is argued that the remedy by appeal is not an adequate remedy, for the reason that pending the appeal the expenses and fees of the receiver must be paid from the property of the corporation, and that these expenses and fees necessarily depreciate the property so that the fruits of the appeal, if successful, will, to that extent, be lost to the relators. In the case of *State ex rel. Smith v. Superior Court of King County,* 26 Wash. 278 (66 Pac. 385), relied upon by the relators, the lower court had issued a temporary restraining order enjoining the Seattle Electric Company from entering upon a street in front of certain property and erecting an overhead railway track, and from in any manner interfering with the free access to said property, but provided that, if the Seattle Electric Company should file a certain bond conditioned that the said company would pay any damages caused to the relator by reason of said structure, in that event the injunction should be void. This court held that an appeal would in

such case be inadequate, that the *status quo* of the parties
would not be preserved because by the time the appeal
could be reached in the ordinary course of law, the struc-
ture would have been completed, and the damage done;
and also held that the court, by such order, substituted
an action upon a bond for one which the constitution of the
state provided should be maintained by the parties seeking
the property. It was there said:

"This court has held in a long line of recent cases that
the extraordinary writs of certiorari, prohibition, and man-
damus will not issue to correct the action of the superior
court when the court is acting erroneously, either with or
without jurisdiction, but always with the provision that
there is an adequate remedy by appeal. This adequate
remedy has not been construed to be as speedy a remedy
as the remedy by extraordinary writ might be, but a rem-
edy which preserves the fruits of the appeal when won.
In other words, the *status quo* of the parties litigant must
be preserved, and, if by awaiting the result of an appeal
the fruits of the litigation would be lost, the remedy has
not been considered an adequate remedy."

In that case it is clear that an appeal would have been
barren, because the damage to property would have oc-
curred before the appeal could have been heard, and the
relator's property would have been taken without compen-
sation having been first paid therefor. The writ was nec-
essary for the preservation of the property. In the case at
bar it is not contended that any of the property now owned
by the corporation will be lost by reason of the delay, or
that the status of the property as it now exists will be
changed; but it is claimed that all the *profits* of the cor-
poration pending the appeal will be required to pay the
expenses of the receivership, and to that extent the fruits
of the appeal will be lost. It is no doubt true that the
profits of the business are a part of the property of the

business, and are usually valuable assets thereof; but
profits depend upon many contingencies, and may be great
or small, according to the conditions and circumstances
which surround the business.    It is equally true that liti-
gation has a damaging influence upon any business affected
by it, and may, and frequently does, convert a prosperous
business paying large profits into one which produces loss.
If the profits of a business which is affected by litigation are
to be considered in determining whether an appeal is an
adequate remedy or not, very few cases involving a business
which is conducted at a profit could be heard on appeal,
because cases of this character are usually, if not always,
affected by loss on account of the litigation, and the remedy
by appeal would, therefore, be the exception, rather than
the rule.    In all cases wherein a receiver is appointed
the receivership must necessarily consume a part of the
profits, and for that reason an order appointing a receiver
or refusing to discharge a receiver already appointed would
be reviewed on certiorari, and not upon appeal, and the
provision of the statute that any party aggrieved may
appeal from any order appointing or refusing to appoint
a receiver would be of no practical use.    It was not the
intention of this court in the case of *State ex rel. Smith v.
Superior Court, supra,* to go to the extent claimed by the
relators.    The effect of that decision was simply to hold that
where the property in existence at the time of the appeal
would be lost by reason of the delay, or where the *status quo*
of the parties litigant would not be preserved, then the
remedy by appeal is inadequate.    But where the property
in existence at the time is preserved and where the status
of the litigants is not changed, then the remedy by appeal
is adequate.    The fact that property may depreciate in val-
ue, or become unprofitable, or that costs may accrue, has

no controlling influence upon the question of the adequacy or inadequacy of the appeal. We are of the opinion that the remedy by appeal is adequate, and the writ is therefore denied.

With this view, it is unnecessary to discuss the other questions raised in the application for the writ.

REAVIS, C. J., and HADLEY, FULLERTON, ANDERS, DUNBAR and WHITE, JJ., concur.