[No. 9866.  Department Two.  January 30, 1912.]

LOUIS GONTER, *Respondent*, v. KLABER & COMPANY, *Appellant*.[1]

SALES — BY SAMPLE — SUBJECT TO INSPECTION—BREACH.  Where samples of hops were submitted to the purchaser before sale, a sale "subject to inspection" means an inspection to determine whether the hops sold were up to the quality of the sample; and upon inspection, a rejection of hops equal to the sample is unwarranted and a breach of the contract.

SALES—WARRANTY—QUALITY—EVIDENCE — ADMISSIBILITY.  Where hops were sold without knowledge by the seller that they were purchased for a particular purpose, evidence on behalf of the buyer as to such purpose is inadmissible.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered February 25, 1911, upon findings in favor of the plaintiff, in an action on contract. Affirmed.

*Marshall K. Snell* and *Myron C. Cramer*, for appellant.

*Frank S. Carroll* and *L. C. Whitney*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover damages for the breach of a written contract to purchase a certain quantity of hops.  Defendant denied any breach of the contract, and the case was tried to the court without a

[1]Reported in 120 Pac. 533.

jury, and resulted in a judgment in favor of the plaintiff for $1,558 and costs. The defendant has appealed.

It appears that the parties entered into the following contract:

"Puyallup, Wash., Oct. 13th, 1909.

"In consideration of one dollar, receipt of which is hereby acknowledged, I have this day sold to Herman Klaber and Company, subject to inspection, my entire crop of hops, consisting of one hundred eighteen (118) bales of 1909 crop of hops, at 26¼ cents per pound, F. O. B. delivered, Alderton, Washington, on or before October 18th, 1909, tare 5 lbs. per bale.                                    Louis Gonter."

The defendant had received samples and examined a part of the hops prior to the time the contract was entered into. The price of the hops declined after the date of the contract. The hops were afterwards inspected, and defendant refused to accept them. After the defendant refused to take the hops, plaintiff sold the same at twenty cents per pound, and thereafter brought this action to recover the difference between the contract price and the price for which the hops were sold. The trial court found, among other things, "that all of the said 118 bales of hops were at all times, between the 13th day of October, 1909, and the 19th day of November, 1909, of the same quality, grade and market value as the part thereof examined by the defendant before the execution of the said contract," and concluded that the defendant wrongfully refused to accept said hops. The words "subject to inspection," used in the contract, clearly meant an inspection for the purpose of determining whether the hops sold came up to the quality of the samples furnished or the bales examined prior to the execution of the contract.

The rule is correctly stated in *Livesley v. Johnston*, 45 Ore. 30, 76 Pac. 13, 946, as follows:

"In a sale like the one at bar, the buyer must also accept, unless, in his honest judgment, exercised in absolute good faith, the commodity is not such as was contracted for. If so exercised, his determination becomes final, because the

parties have so agreed; but if he exercises his judgment arbitrarily, capriciously, or fraudulently, with the sheer purpose of avoiding his obligation to accept, it will not avail him, as the actual quality and condition of the hops may then be inquired into, notwithstanding his adverse determination."

It is true, an inspection was made and a part of the hops, viz., eighteen bales thereof, were conceded to equal the samples. It is conceded also that the price of hops had declined materially at the time they were inspected. There is some dispute as to whether the inspector rejected hops at the time of the inspection, but it was shown, we think conclusively, that the one hundred bales were all as good as, or better than, the eighteen bales which were conceded to be sufficient. We are satisfied, also, that the inspection made was an arbitrary one, for the purpose of avoiding the obligation rather than of determining the quality of the hops, and there is ample evidence to support the finding quoted above that all of the hops were of the same quality and grade as the eighteen bales mentioned.

Appellant argues that the court erred in not permitting evidence to show that the hops were purchased for a particular purpose. The contract does not so show, and it is not claimed that the plaintiff knew of this purpose or agreed to it. The contract was a plain, simple contract, not subject to construction except in the particular above mentioned, and the court properly excluded this evidence.

We are satisfied that the judgment is right, and it is affirmed.

Dunbar, C. J., Fullerton, Morris, and Ellis, JJ., concur.