[No. 10928.  *En Banc.*  April 18, 1913.]

THE STATE OF WASHINGTON, *on the Relation of W. L. Langley et al., Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *William A. Huneke, Judge, Respondent*.[1]

CERTIORARI—REVIEW OF INTERLOCUTORY ORDERS. An order requiring additional parties to be brought in is interlocutory and not reviewable by certiorari prior to final judgment, where, in the trial of an action to recover certain shares of corporate stock, it developed that the additional parties had, or apparently had, an interest in the stock, and the court, after trial, determined that the plaintiffs were entitled to judgment against defendants who had fraudulently deprived them of the stock, but restricted the judgment to stock not claimed by others, and later, on motion for a new trial, made the orders complained of, notwithstanding that the plaintiff filed disclaimers by the additional parties appearing to be interested (CHADWICK and GOSE, JJ., dissenting).

Application filed in the supreme court December 16, 1912, for a writ of certiorari to review an order of the superior court for Spokane county, Huneke, J., entered November 15, 1912, requiring additional parties to be brought into an action, and refusing to consolidate actions.  Denied.

*Cannon, Ferris & Swan*, for relators.

*Robertson & Miller, John P. Gray*, and *Post, Avery & Higgins*, for respondent.

FULLERTON, J.—This is an original application for a writ of review.  In January, 1912, the applicants for the writ, as plaintiffs, began an action in the superior court of Spokane county against one A. J. Devlin and one Alfred Page, as de-

[1]Reported in 131 Pac. 482.

fendants, to recover certain shares of corporate stock of the
Corbin Coal & Coke Company, which they alleged they had
been wrongfully deprived of by the fraudulent acts of the de-
fendants. Issue was taken upon the allegations of the com-
plaint, and a trial had before the court sitting without a jury.

The evidence taken at the trial developed the fact that
certain persons other than the parties to the action had, or
apparently had, interests in the shares of stock in question
adverse to both the plaintiffs and the defendants; and the
court, after taking the case under advisement, filed an opinion
in which he directed findings to be made for the plaintiffs,
but for the shares of stock only which the evidence developed
the third persons named had no interest.

The defendants thereupon filed a motion for a new trial,
and later on filed another motion, supported by affidavits,
asking the court to reopen the cause for the introduction of
further testimony. These motions were duly brought on for
hearing, after which the court, by an opinion in writing, mod-
ified its first opinion to the effect that the plaintiffs were en-
titled to judgment, and directed that the persons having in-
terests in the shares of stock adverse to the plaintiffs be
brought into the action by the plaintiffs that their interests
might be adjudicated and the rights of all persons interested
be finally and conclusively determined. Before the formal
order was entered, the plaintiffs filed in the proceedings writ-
ten disclaimers of interest in the subject-matter of the action,
executed by certain of the persons whom the court thought
to be necessary parties, and sought to show that certain of
the others were estopped by their acts from making claim
to the stock, and that only one, a certain Galbraith, who had
brought an independent action against the defendants for a
share of the stock, was the only necessary additional party,
and asked that the court enter an order directing a consoli-
dation of his action with the action in suit. The court, how-
ever, adhered to its original opinion, and entered a formal
order directing that the plaintiff make parties to the action

all persons having or who appeared to have an interest in the shares of stock, notwithstanding their disclaimers, or the facts thought to work an estoppel against them. A further attempt was made to have this order modified, but the court declined to accede to the request further than to allow the same to show more fully the exceptions taken by the plaintiffs to the order; the order finally entered being in the following words:

"The above matter coming on to be heard before me this 4th day of December, 1912, upon motion of the plaintiffs herein that this court amend and change its order entered in the above entitled action on the 13th day of November, 1912, directing that certain additional parties be brought in, and that the action of R. L. T. Galbraith, against the defendants above named, be consolidated with this action, and now, after hearing arguments upon the motion,

"It is hereby ordered that the same be denied, except that plaintiffs herein are given an exception to said order wherein A. W. Vowell, Anna L. Gordon and George N. Judd are required to be brought into this case as additional parties, and an exception to the said order wherein said R. L. T. Galbraith is directed to be brought in as an additional party, and an exception to the said order wherein L. W. Patmore and W. R. Hibbard are required to be brought in, either as plaintiffs or defendants, as additional parties, and an exception to said order wherein it is directed that upon failure of said plaintiffs to comply therewith within ninety (90) days from the date thereof, unless the time therefor is extended by order of court, and judgment shall be entered dismissing this action, and an exception also to said order wherein it is directed that the case entitled R. L. T. Galbraith, plaintiff, versus A. J. Devlin and Alfred Page, defendants, be consolidated with this action.

"Plaintiffs are given thirty (30) days additional time to bring in said additional parties, or to take such other action as they may be advised, that is, they are given one hundred and twenty (120) days, instead of ninety (90) days from the said 13th day of November, 1912, and plaintiffs are further allowed an exception to each and every part of this order."

This writ is sought to review these several orders. The applicants for the writ contend that they are erroneous and

deprive them of substantial rights which cannot be reviewed
by an appeal from the final judgment in the cause, and conse-
quently they are entitled to review the same in advance of
such final judgment.  But we cannot accept this view of the
case.  The orders differ in no respect from interlocutory
orders generally; they are merely orders made during the
progress of the cause deemed necessary by the court to a
proper determination of the case.  As such, they are not
reviewable in this court in advance of the final judgment
entered in the cause, but must be reviewed here, if reviewed
at all, on an appeal or writ of review taken from the final
judgment.  This we have held in a long line of cases: *State
ex rel. Coplen v. Superior Court,* 66 Wash. 225, 119 Pac. 383;
*State ex rel. Seattle General Contract Co. v. Superior Court,*
56 Wash. 649, 106 Pac. 150, 28 L. R. A. (N. S.) 516; *Jones
v. Paul,* 56 Wash. 355, 105 Pac. 625; *State ex rel. Mohr v.
Superior Court,* 54 Wash. 225, 103 Pac. 17; *State ex rel.
Wilkeson Coal & Coke Co. v. Superior Court,* 49 Wash. 203,
94 Pac. 920; *State ex rel. Korsstrom v. Superior Court,* 48
Wash. 671, 94 Pac. 472; *State ex rel. Smith v. Superior
Court,* 47 Wash. 508, 92 Pac. 349; *State ex rel. Young v.
Denney,* 34 Wash. 56, 74 Pac. 1021; *State ex rel. Harris v.
Superior Court,* 34 Wash. 248, 75 Pac. 809; *State ex rel.
Nelson v. Superior Court,* 31 Wash. 32, 71 Pac. 601; *State
ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648;
*State ex rel. Oudin v. Superior Court,* 28 Wash. 584, 68 Pac.
1052.

The application for the writ is denied.

CROW, C. J., MORRIS, MAIN, ELLIS, PARKER, and MOUNT,
JJ., concur.

CHADWICK, J. (dissenting)—It was the boast of the com-
mon law that it gave a remedy for every wrong.  So thor-
oughly was this principle impressed upon the English people
that, where the remedy offered by the common law was inad-
equate, they found a way to grant full and adequate relief

through courts of equity. That the relators have been grossly wronged is, I believe, admitted by most every member of this court. They have earned a judgment after a fair and full trial. The court announced a decision in their behalf, yet for no reason apparent in the record, and for no reason made to appear sufficient on the oral argument, it has, upon the demand of the defendants, ordered new parties to be brought in. The parties ordered in were all before the court, or their interests determined as between the parties. Three of the parties were the grantors of the defendants who claim through them their title to the property involved. The defendants assert absolute ownership; therefore they cannot set up a title in the new parties without defeating their own. Defendants do not contend that these three have any interest; and furthermore they were witnesses upon the trial and have filed a complete disclaimer of any interest whatsoever in the subject-matter of this controversy.

As to the remaining parties, their interest, if any, is against the plaintiffs and the defendants can have no interest therein; and as in the case of the other new parties, these were witnesses at the trial, and if they had or claimed any interest, they might have intervened, or defendants might have then asked that they be made parties. The so-called new parties, having been before the court and with full knowledge of the subject-matter of the controversy, would be estopped to maintain an independent action, and therefore could not set up a right in this proceeding. *Murne v. Schwabacher Bros. & Co.,* 2 Wash. Ter. 191, 3 Pac. 270; *Shoemake v. Finlayson,* 22 Wash. 12, 60 Pac. 50; *American Bonding Co. v. Loeb,* 47 Wash. 447, 92 Pac. 282.

The court also ordered one Galbraith brought in. Galbraith is maintaining an independent action against the same defendants, in which these relators can have no possible interest; and besides Galbraith appeared at the trial and in open court offered to be a party and to be bound by the decree, *but upon the objection of the defendants* the court refused to

allow him to come in, and just why defendants should be permitted to use the name of Galbraith to get a new trial is beyond me. If this recital is not sufficient, it appears further that the court found that Galbraith was entitled to one-fifth of the fund in litigation; therefore, he can be in no way prejudiced by the judgment in this case.

This disposes of the new parties; five have disclaimed or are estopped; the sixth has an independent suit against defendants in which relators can have no possible interest. The court has found defendants guilty of fraud and deceit. To avoid the entry of a formal judgment, defendants made an application to have new parties brought in; and as before stated, the court, for no apparent reason, and certainly no reason in law, granted the motion and ordered an amended complaint filed. I shall not discuss the wrong. That is apparent. Let us come to the remedy.

Relators are denied a writ of certiorari because the error may be reviewed on appeal. Of course it never will be so reviewed; such errors never are, for they do not go to the merits of the case, and we have a convenient way of passing them over. Aside from this, and granting the argument of the majority is well founded, it has ignored the prayer of the relators entirely. They say in their brief:

"In considering the application of the relators herein for writ of review, it may be, in view of all the circumstances shown by said application, that this court should reach the conclusion that a writ of mandamus would be the proper remedy. If this conclusion is reached . . . this court has ample power to grant the writ of mandamus, even though the relators' application is for a writ of review."

There can be no question that relators are entitled to a judgment, either in their favor as the court announced in his memorandum decision, or against them, so that they can appeal in an orderly way. And upon the present showing, if the application had been for a mandamus, I doubt not that the writ would have issued. They have asked for alternative

relief, and the real question for us to decide, although it is ignored by the majority, is whether, a writ of certiorari being denied, the writ of mandamus shall issue.

The special proceedings, as provided in the act of 1895, are civil actions under the code, and are governed by the same rules of pleading and practice. *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207; *State ex rel. Billings v. Lamprey*, 57 Wash. 84, 106 Pac. 501, and the many cases cited therein. This court has often held that an aggrieved party shall not be turned out of court because he has misconceived his cause of action; that his complaint is not demurrable if it states a cause of action upon any theory. *Smith v. Wingard*, 3 Wash. Ter. 291, 13 Pac. 717; *Casey v. Oakes*, 17 Wash. 409, 50 Pac. 53; *Dunlap v. Rauch*, 24 Wash. 620, 64 Pac. 807; *Damon v. Leque*, 14 Wash. 253, 44 Pac. 261; *Watson v. Glover*, 21 Wash. 677, 59 Pac. 516; *Dormitzer v. German Sav. & Loan Soc.*, 23 Wash. 132, 62 Pac. 862; *Yarwood v. Johnson*, 29 Wash. 643, 70 Pac. 123; *Brown v. Calloway*, 34 Wash. 175, 75 Pac. 630; *McKay v. Calderwood*, 37 Wash. 194, 79 Pac. 629; *Lawrence v. Halverson*, 41 Wash. 534, 83 Pac. 889; *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797; Pomeroy, Code Remedies, § 71.

In *Widrin v. Superior Court etc.*, 17 Cal. App. 93, 118 Pac. 550, the petitioner asked for a writ of review to correct an error of the superior court based on its refusal to entertain jurisdiction of an appeal. It was held that, although the writ of review would not issue, nevertheless the court's action was "tantamount to a refusal to hear and determine the cause, and that the aggrieved party's remedy is by a writ of mandate to compel the court to do so." A writ of mandate was issued although not prayed for. See, also, *Golden Gate Tile Co. v. Superior Court etc.*, 159 Cal. 474, 114 Pac. 978.

It may be argued that relators could not pray for alternative relief, but are bound by their first prayer. To so

hold would violate the principle of the many cases cited above, the spirit of which has been carried into more than one application for a writ. The cases cited apply the rule of equity to all cases. This rule is set out and discussed in *Lawrence v. Halverson, supra,* where the court said:

"The complaint is a plain and concise statement of facts constituting a cause of action, with a demand for the relief which the plaintiff claims. But it does not necessarily follow that, if the plaintiff demands relief it is not entitled to under the statement of facts set out in the complaint, it will not be awarded any relief at all. Whatever relief it is entitled to under the facts stated, the court will award."

In *State ex rel. Dyer v. Middle Kittitas Irr. Dist.,* 56 Wash. 488, 106 Pac. 203, the court held that, although the remedy by mandamus was not pursued in the first instance, it was not waived by the filing of a complaint in a former action that had gone to judgment.

Upon the merits, the case of *State ex rel. Gabe v. Main,* 66 Wash. 381, 119 Pac. 844, is in point. There an application was made for a writ to compel the entry of judgment upon a verdict. In this case the court announced in a formal opinion that he would decide in favor of the relators. We said in the *Gabe* case:

"Can it be said that the remedy by appeal is adequate where the absolute right to instant relief is shown by the admitted facts, and where, under those facts, there was no room for discretion on the part of the court? . . . The relatrix was acquitted by the jury, and the real matter of controversy, and every part of it, was ended in her favor. . . . Such a remedy would be neither adequate nor in keeping with the spirit of the law. The relatrix having stood her trial, and having been found not guilty, was entitled without any delay to the full fruits of the verdict."

It is my judgment that the petition of the relators states a cause of action and that, if not entitled to a writ of certiorari, they are entitled to a writ of mandamus to compel the court to enter a formal judgment upon the pleadings, evi-

dence, and conclusions of the court, as prayed for in their brief and oral argument.

GOSE, J., concurs with CHADWICK, J.