[No. 12927. Department Two. December 23, 1915.]

John T. Lanigan *et al., Plaintiffs*, v. Thomas W. Miles, *Appellant*, Etta Landis, *Intervener and Respondent.*[1]

Appeal—Decisions Reviewable—Orders Affecting Substantial Rights—Finality. An order refusing to strike a complaint in intervention is not appealable as an order affecting a substantial right which either (1) in effect determines the action and prevents final judgment, or (2) discontinues the action, . . . etc., within Rem. & Bal. Code, § 1716, subd. 6; since it does not prevent final judgment or determine or discontinue the action.

Appeal from an order of the superior court for King county, Dykeman, J., entered May 3, 1915, denying a motion to strike a complaint in intervention. Affirmed.

*Jones & Riddell*, for appellant.

*Farrell, Kane & Stratton*, for intervener and respondent.

Morris, C. J.—Appeal from an order denying a motion to strike a complaint in intervention. Respondent moves to dismiss the appeal upon the ground that such an order is not appealable, and since such motion raises only a question of practice, no reference to the facts is required.

Questions of this character are purely statutory and must be decided by determining whether or not the statute provides for such an appeal. The governing statute is Rem. & Bal. Code, § 1716 (P. C. 81 § 1183), containing seven subdivisions enumerating appealable determinations. It is so clear that the first five and the last of the subdivisions do not aid appellant

[1]Reported in 153 Pac. 1081.

that no reference will be made to them. Subdivision 6 provides for an appeal,

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial; or (4) sets aside or refuses to affirm an award of arbitration, or refers the cause back to them."

To our mind, it is clear that this subdivision does not aid appellant. An order denying a motion to strike a complaint in intervention neither (1) determines the proceedings; (2) discontinues the action; (3) grants a new trial; nor (4) sets aside an arbitration or award. Appellant urges that the order complained of affects a "substantial right in a civil action or proceeding," and hence, falls within the language of subdivision six. This contention overlooks the plain intendment that affecting a "substantial right" is not enough, but the order must go further and determine the proceedings, prevent a final judgment or discontinue the action. The order appealed from is not such an order. The proceedings remain, and the issues are still subject to final judgment, a review of which, on appeal, would determine this or other interlocutory orders. If every ruling of the court which affected a substantial right could be appealed from, the trial of causes would be almost interminable; hence, the statute goes further and demands that such ruling must not only affect a substantial right, but must, in addition, finally determine the proceedings. *State ex rel. Langley v. Superior Court,* 73 Wash. 110, 131 Pac. 482.

The appeal statute of Iowa is very similar to ours, except that it goes further and provides for an appeal from "an intermediate order involving the merits." Notwithstanding this extension of the right, it was held in *Schoenhofen Brewing Co. v. Giffey,* 162 Iowa 204, 143 N. W. 1017, that an order denying a motion to vacate an order permitting additional defendants was not appealable. It was likewise held in *Ray*

*v. Moore,* 19 Ind. 690, 49 S. W. 1083, that an order admitting or refusing to admit additional parties was not appealable because not final in its character. *First Nat. Bank of Leon v. Gill & Co.,* 50 Iowa 425, sustains an appeal of this character, but the ruling is based upon the provisions of the statute permitting appeal from "an intermediate order involving the merits." That an appeal will not lie from orders of this character is stated as a general rule in the absence of special statutory provisions. 3 C. J. §§ 304, 322. Such rule is sustained by the following cases: *Greenawalt v. Natrona Imp. Co.,* 16 Wyo. 226, 92 Pac. 1008; *Jones v. New York Life Ins. Co.,* 11 Utah 401, 40 Pac. 702; *Cobre Grande Copper Co. v. Greene,* 8 Ariz. 98, 68 Pac. 524; *Walker v. National Guaranty Loan & Trust Co.,* 133 Ala. 240, 31 South. 802; *Gammon v. Johnson,* 126 N. C. 64, 35 S. E. 185; *Whitney v. Spearman,* 50 Neb. 617, 70 N. W. 240; *Moore v. Cobe* (Tex. Civ. App.), 156 S. W. 1142.

The judgment is affirmed.

HOLCOMB, MAIN, FULLERTON, and ELLIS, JJ., concur.