[No. 13395. Department Two. May 20, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Isabel Rutter*, *Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Walter M. French, Judge, Respondent.*[1]

CERTIORARI—WHEN LIES—INTERLOCUTORY ORDERS—APPEAL—FINAL ORDERS. Certiorari does not lie to review an interlocutory order denying a motion to strike a complaint in intervention, as the same is not reviewable either by appeal or writ of certiorari prior to the rendition of final judgment in the action, under Rem. & Bal. Code, § 1716, limiting the right to appeal from interlocutory orders affecting a substantial right to orders that determine the action or prevent a final judgment therein.

Application filed in the supreme court March 22, 1916, for a writ of certiorari to review an order of the superior court for Spokane county, French, J., entered March 19, 1916, denying a motion to strike a complaint in intervention. Denied.

*O. C. Moore* and *Merritt, Lantry & Merritt*, for relator.

*Edward W. Robertson*, for respondent.

PARKER, J.—The relator, Isabel Rutter, seeks, by writ of review, to have this court review and correct the alleged erroneous ruling of the superior court for Spokane county denying her motion to strike the complaint in intervention filed by F. C. Robertson and Fred Miller, as copartners, in an action

[1]Reported in 157 Pac. 684.

pending in that court in which she is plaintiff and her husband, R. L. Rutter, is defendant, in which action she seeks separate maintenance and her husband seeks a divorce. The complaint in intervention was filed by leave of court granted upon the *ex parte* motion of Robertson & Miller, under Rem. & Bal. Code, § 202 (P. C. 81 § 47). Thereafter relator, plaintiff in that action, moved the court to strike the complaint in intervention from the files of that action, resting her motion upon several stated grounds, which are, in substance, that it does not state facts entitling Robertson & Miller to intervene. This motion was denied by the court, and soon thereafter relator applied for a writ of review in this court, upon which an order to show cause was issued. To this order, response and return are made as to a formal writ of review. Counsel for respondent, however, reserve their right to object to a review of the alleged error in the court's ruling in denying the motion to strike the complaint in intervention other than by appeal from the final judgment which may be rendered in that action.

In the recent decision of this court in *Lanigan v. Miles,* 89 Wash. 6, 153 Pac. 1081, we held that an order denying a motion to strike a complaint in intervention was interlocutory only, not finally determinative of the rights of any one; and, since it does not determine the action nor prevent a final judgment therein, it is not reviewable in this court by appeal, except by appeal from the final judgment rendered in the case. After noticing the provisions of § 1716 of Rem. & Bal. Code (P. C. 81 § 1183) limiting the right of appeal to certain specified orders, Chief Justice Morris, speaking for the court, observed:

"Appellant urges that the order complained of affects a 'substantial right in a civil action or proceeding,' and hence, falls within the language of subdivision six. This contention overlooks the plain intendment that affecting a 'substantial right' is not enough, but the order must go further and determine the proceedings, prevent a final judgment or discontinue the action. The order appealed from is not such an

order.   The proceedings remain, and the issues are still subject to final judgment, a review of which, on appeal, would determine this or other interlocutory orders.   If every ruling of the court which affected a substantial right could be appealed from, the trial of causes would be almost interminable; hence, the statute goes further and demands that such ruling must not only affect a substantial right, but must, in addition, finally determine the proceedings.   *State ex rel. Langley v. Superior Court*, 73 Wash. 110, 131 Pac. 482."

This language is equally applicable to the bringing of questions before this court by writ of review.   If parties can by this writ obtain review in this court of alleged errors in the making of interlocutory orders not appealable, then the limitation of the statute upon the right of appeal from orders other than final judgments would be of no practical effect and the evils of reviewing interlocutory orders prior to final judgment would not be prevented.   It seems plain to us that the very fact that this order is not appealable prevents our reviewing the alleged error in the making of it, other than by appeal from the final judgment to be rendered in the action.

If the superior court had entered an order finally dismissing the complaint in intervention, there would be reason for arguing that such order in effect determined the action or proceeding and prevented a final judgment therein in so far as the rights of the interveners are concerned, and that this would give such interveners the right of review in this court by appeal, or possibly, in the alternative, by writ of review, if because of the exigencies of the case his right of appeal was not a "plain, speedy and adequate remedy" within the meaning of Rem. & Bal. Code, § 1002 (P. C. 81 § 1729), relating to writs of review.   This, however, is not the question before us.

We are of the opinion that the claimed error of the trial court in entering its order denying relator's motion to strike the complaint in intervention is not reviewable in this court, either by writ of review or by appeal, prior to the rendition

of a final judgment in the action. This proceeding is therefore dismissed.

MORRIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.